DECEMBER TERM, 1860.                    11

The State of Iowa ex rel., Alderson v. Jones, County Judge, et al.

THE STATE OF IOWA *ex rel.*, ALDERSON V. JONES, COUNTY JUDGE, *et al.*

1. RECORD: BILL OF EXCEPTIONS. A paper cannot be made a part of the record in a cause merely by the certificate of the clerk. When not made a part of the record by statute, it should be embodied in a bill of exceptions and certified by the court.
2. CORRECTION OF RECORD. An alteration in an entry in the records of the District Court can be made at a subsequent term only to correct an evident mistake.
3. APPEAL: BY WHOM TAKEN. An appeal from an order of the District Court can be taken only by a party to the proceeding in which such order is made.
4. TIME: APPEAL. Where an order of the District Court was made on the 27th day of April, 1858, and the notice of appeal was served on the 28th day of April, 1859, it was held that the appeal was not taken within one year after the order was made, and it should be dismissed.

*Appeal from Hardin District Court.*

SATURDAY, OCTOBER 6.

UPON the 5th day of April, 1858, the question of the removal of the county seat of Hardin county from Eldora to Point Pleasant, was submitted to the voters of said county. Upon the 9th of April, 1858, the defendants, John Jones as the county judge, Ellis Parker and Joseph Edington as justices, convened as a board of canvassers for the purpose of canvassing the votes cast at said election. The said board declared, as the result of such canvass, that there had been at said election, one thousand and sixty votes cast; that five hundred and sixty were for the county seat being located at Point Pleasant, and five hundred and twenty for its being located at Eldora. Point Pleasant was declared by the said canvassers, the chosen county seat of said county.

Upon the 26th day of said month, at a term of the District Court for said county, upon the information of John Alderson, alleging that the said board of canvassers had wrongfully refused to reject the returns from Pleasant township, in said county, which were said to be false and

The State of Iowa ex rel., Alderson v. Jones, County Judge, et al.

fraudulent, an alternative writ of *mandamus* was directed to be issued by said court, commanding the said board to re-canvass said vote, to reject the returns of Pleasant township, and to declare Eldora the elected county seat of said county, or to show cause why they should not do so. Upon the 27th day of the same month, the defendants, in response to the writ of the District Court, filed their answer, setting forth that they had re-canvassed said vote, and had declared Eldora duly chosen as the county seat of said county, and were fully discharged by the court.

Upon the day that the answer of the canvassers was filed and judgment rendered thereon, one Isaac S. Moore claims to have asked leave of the court to file an affidavit and motion to set aside the return of said canvassers, for reasons in his motion stated ; but that the court refused to let him file such motion, to which ruling he claims to have, at the time, excepted. No record of such application, or of the ruling of the court thereon, appears to have been entered up by the clerk of said court until the 29th day of May, 1859, over one year after the application is claimed to have been made, when upon motion, a record was ordered to be made by the court, based upon a memorandum in the judge's docket, showing that such application was made, and refused by the court, and that Moore by his counsel excepted. This record entry was made without notice to either of the parties to the original proceeding, and by a different judge then presiding. From the ruling of the court upon application to set aside the answer of the canvassers Moore appeals to this court.

At the December term, 1859, defendants moved to expunge certain portions of the record, also to dismiss the appeal and strike the cause from the docket. That motion is now submitted for the determination of the court.

*H. C. Henderson* and *W. Penn Clarke* for the appellant.

*E. W. Eastman* for the appellee.

The certificate of the clerk is no evidence of the validity

The State of Iowa ex rel., Alderson v. Jones, County Judge, et al.

of a paper which is not a part of the record. It can be brought to the appellate court only by bill of exceptions. *Garber* v. *Morrison and White,* 5 Iowa 477; *Whitney* v. *Olmstead,* 5 .Ib. 373; *Rawlins et ux.* v. *Tucker,* 3 Ib. 213; *Talty* v. *Lusk,* 4 Ib. 471; *Harmon* v. *Chandler,* 3 Ib. 151.

The appellant was not a party to the record. The appeal can be taken only by a party. *Davis County* v. *Horn,* 4 G. Greene 94; Code of 1851, section 1973.

BALDWIN, J.—The first, and most important question to be determined, is whether the record (admitting the correc·· tion upon the court record to have been properly made) discloses any such ruling upon the application of Moore to set aside the report of the canvassers, as could be appealed from, or that in any manner shows his right to appeal. The amended record shows that he offered to file a motion and affidavit, but was refused that right, to which he excepted. No bill of exceptions was signed by the court, nor does such motion in any manner appear to have been a matter of record except by the certificate of the clerk, in which it is stated that the exhibit attached to the amended transcript, marked "A," was the motion referred to in the record as made by Moore. It cannot be made a part of the record in this way. The mere certificate of a clerk, that a paper copied into the transcript is part of the record of a cause, is not of itself sufficient evidence of that fact. If it is not such a paper as is, by the provisions of the statute, part of the records of a cause, it can only be so made by order of the court. "Any paper used, or proceedings had in the District Court, not made part of the records by statute, must be embodied in a bill of exceptions. *Harmon* v. *Chandler,* 3 Iowa 152; *Garber* v. *Morrison & White,* 5 Ib. 477." An entry by the judge of the court, in his private calendar, or even by the clerk, in his record, that a ruling was made, that an exception was taken to such ruling, is not such an exception as is contemplated by law, or as would give the party any rights by such exceptions. It is merely a memo-

randum for the convenience of the court, and to satisfy him, when a bill of exceptions is duly presented that the party did except at the time when such ruling was made. But we cannot conclude that the entry made by the court in May, 1859, was authorized by law. "Entries made, approved and signed at a previous term, can only be altered to correct an evident mistake." Code, section 1580. The docket of the judge presiding when Moore's application was made, showed sufficient to have satisfied his successor that such application was made, refused and such ruling excepted to, but the record of the court is silent on this subject. There was no entry made to be corrected. If it was the entry in the main cause that the court undertook to correct, the inquiry then arises, was there any such mistake in that entry as would justify the court in amending it that length of time after it was made? We think not. There was no order in reference to the application of Moore a proper subject of entry until he had completed his bill of exceptions, and filed the same. Having failed so to do, the court had reasonable grounds to presume that he had abandoned his objections to its ruling and submitted to its correctness.

Entertaining this view of the record, we think that the portion thereof relating to the motion and affidavit of Moore and the exhibit thereto attached, is not properly a part of the record of this cause, and should be stricken therefrom.

This portion of the record being expunged, there is no order or judgment of the court that Moore could appeal from.

But admitting that the record as claimed by the appellant is true and properly here we cannot consider that there was any ruling of the court below, from which Moore could appeal. Moore was not a party to this proceeding either as plaintiff or defendant. Nor had he ever asked to be made a party thereto. If he had such an interest in the result of the proceeding as would justify him in moving to set aside the order of the court, he should have asked leave to have had himself substituted as plaintiff or defendant. Until he

was thus made a party he was in no manner liable for costs, nor could he interfere with rights of the original parties.

We also conclude that the appeal was not taken in time. The judgment of the court was rendered upon the 27th day of April, 1858. The notices of appeal were served on the 28th day of April, 1859, not within one year from the date of the judgment. Without passing upon the questions presented by appellant, as to whether the alternative writ was properly issued, or whether the re-canvass was correctly made, or whether such re-canvass in any manner affected the validity of the first canvass, we have concluded that the record does not disclose any right in Moore to appeal.

Motion to dismiss the appeal sustained.