**250**     SUPREME COURT OF IOWA.

Borgalthous v. The Farmers and Merchants' Ins. Co. and Leedham.

BORGALTHOUS v. THE FARMERS & MERCHANTS' INS. CO. AND LEEDHAM, garnishee.

**Appeal:** WHO MAY APPEAL. A garnishee who voluntarily pays a judgment rendered against him cannot afterward appeal. Neither can a person who was not a party to the proceeding, and took no steps to make him such.

*Appeal from Henry Circuit Court.*

THURSDAY, MARCH 20.

ACTION in attachment against the Farmers & Merchants' Insurance Company. Leedham was garnished. The defendant made default and judgment was entered accordingly. Leedham answered to the garnishee process, admitting that he had in his hands an amount of money, the proceeds of certain collections made by him upon certain claims placed in his hands by one Bennison, the receiver of the defendant, appointed by a court of the State of Illinois. The notes and accounts so collected were assets of the defendant. Upon issue joined in the answer of the garnishee and trial to the court, judgment was rendered against the garnishee on the 15th of September, 1871. A motion for a new trial was overruled, to which exceptions were taken by the garnishee. Bennison did not appear as a party in the case, nor was any application made by him to defend, to intervene, or to be made a party as to the garnishment proceedings. The evidence is not before us, but the court found the following facts: The garnishee has in his hand $112.72, collected by him on a note given by Thompson to the insurance company, which, with other notes in his possession, he received from Bennison. The note of Thompson was given for a balance due from him to defendant, while he was acting as its agent in Henry county. Leedham, the garnishee, received these notes from Bennison, representing himself to be the receiver of defendant, and he regarded himself as Bennison's agent. Bennison was appointed the receiver of defendant by

the circuit court of Adams county, Illinois, before this suit was commenced. Judgment was rendered against the garnishee for the amount of the money in his hands received on the note of Thompson. He was required to make further answer as to the other notes, and the case as to them was continued.

On the 23d of September, 1870, Leedham paid the clerk of the court the full amount of the judgment against him, and satisfaction thereof was entered. On the 9th of March, 1871, Leedham and Bennison joined in an appeal to this court from the judgment against the garnishee. The plaintiff moves to dismiss the appeal.

*Ambler & Babb* for the appellants.

*T. W. & Jno. S. Woolson* for the appellee.

BECK, Ch. J.—The judgment of the circuit court cannot be reviewed upon this appeal. 1. Bennison being no party to the record cannot appeal from the judgment. He cannot be heard in this court because he is not known in the proceedings. Had he such an interest in the garnishment as entitled him to appear therein he should have made proper application in the court below to be made a party, to intervene or to defend. Having failed to do this, he is regarded as a mere stranger. *The State ex rel. Alderson* v. *Jones, County Judge*, 11 Iowa, 11.

If Bennison be regarded as the receiver of defendant, and the court so finds, in that case he holds the title to the property involved in the garnishment proceedings in his official capacity. The proceedings which resulted in his appointment operated to transfer the property to him. He does not hold it as agent of the defendant, or for the defendant, but by virtue of the transfer to him. He is then a party claiming in his own official right the property in controversy. But he did not appear in any capacity in the court below, and was in no manner a party to the proceedings there. He could have intervened or made himself a party, and would then have had the right to appeal. But having taken no such steps he does not possess that right. *Robison* v. *Saunders, Kibbin & Co.*, 14 Iowa, 539.

II. But it is suggested that Bennison appeals for the insurance company; that he may be regarded as its agent; that his appeal is, in fact, its appeal. If this position be admitted the insurance company and not Bennison is in this court upon the appeal. But it made no appearance in the court below either in the principal action or the garnishment proceeding, and no objection or exceptions were made or taken by it or in its behalf to the rulings and judgment of the court. They cannot for this reason be reviewed upon appeal. Rev., §§ 3106, 3108, 3545; *Robison* v. *Saunders, Kibbin & Co.*, 14 Iowa, 539; *Berryhill* v. *Jacobs*, 20 id. 246; *B. & M. R. Co.* v. *Shaw*, 5 id. 463; *Leftwick et al.* v. *Thornton*, 18 id. 56.

III. Neither can the garnishee, Leedham, be heard to deny in this court the correctness of the judgment. By submitting thereto and discharging it by voluntary payment, he waived all errors that may have existed in the record. It would be a practice resulting in hardship, abuse and inconvenience to permit parties to appeal after fully performing the orders and judgments of the court. By the act of payment and performance they are estopped to deny the sufficiency of the adjudication against them. A failure to object or except to a judgment operates as an assent to its correctness — a waiver of errors. See statutes and authorities above cited. A performance is certainly an act of assent or waiver of errors, more emphatic and expressive. It has been ruled by this court that a party cannot accept the benefit of an adjudication, and yet, alleging it to be erroneous, appeal therefrom. The *M. & M. R. Co.* v. *Byington*, 14 Iowa, 572. The obvious reason of this decision is, that the party's act estops him from objecting to the judgment, having acquiesced in its performance or discharge by the other party. The same principle will cut off the right of a party defendant, after paying a judgment, to appeal therefrom, and the case cited is authority upon the point under consideration.

These views will not be understood to affect the garnishee's right or the right of Bennison to appear in the garnishment proceeding yet pending, and contest the same.

The foregoing objections are raised by plaintiff upon a motion to dismiss the appeal. We think they are well sustained by the record. The motion is sustained and the

Appeal dismissed.