## GRESHAM v. CHANTRY ET AL.

1. **Equity**: WHEN ACTION TRIABLE AS EQUITABLE. Where an action was brought to enforce the collection of a judgment by execution against real estate of a decedent, and his administrator and heirs, and certain other parties who claimed to be owners of the property by purchase at administrator's sale, were made defendants, and their defense was purely equitable, *held* that the court below properly tried the case by equitable proceedings.

2. **Practice on Appeal**: SPECULATIVE LITIGATION BY ATTORNEYS: DISCLAIMER BY PLAINTIFF. Plaintiff's attorneys in this case, for the purpose of speculation, purchased a judgment in plaintiff's name but without his knowledge, and in an action in his name procured a decree subjecting certain real estate to the payment of the judgment. From this decree defendants appealed to this court; but in this court plaintiff's affidavit is filed, showing that if there is any such case pending in his name it is without his authority. *Held* that the decree below should be reversed, and the cause dismissed as not being prosecuted by the party in interest.

*Appeal from Guthrie Circuit Court.*

WEDNESDAY, APRIL 21, 1886.

Gresham v. Chantry et al.

THIS action was brought by John Gresham to enforce the collection of a judgment by execution against certain real estate, of which John Pearson, deceased, died seized. The administratrix of Pearson, his heirs, and certain other persons who claim to be owners of the property by purchase at administrator's sale, were made defendants. The defense to the claim was that some sixty per cent of it was paid before judgment was rendered thereon, and that the defendants who now claim title to the property, and are in possession of the same, have the superior right thereto by reason of being purchasers at a sale by the administrators to pay a debt of the estate. There was a trial by the court, and a decree awarding execution against the property, after first deducting sixty per cent from the judgment, that amount of the claim having been found to have been paid before the judgment was rendered. Both parties appeal.

*C. S. Fogg*, for appellant.

*Applegate & Foster*, for appellees.

ROTHROCK, J.—I. Counsel for plaintiff, after insisting in his opening argument that this is an action at law, at the close of his argument, in reply, joins the defendants' counsel in requesting the court to try the cause as in equity. We think, inasmuch as the plaintiff in the first instance thought it necessary to make the present claimants of the property parties defendant, and as they hold whatever right they have by a judicial sale, and their defense is purely equitable, the trial of the case in the court below as an equitable action was proper, and no question should have been made in regard to the character of the action.

II. The facts material to a determination of the rights of the parties are as follows: Rodecker & Pearson were indebted to the Sandusky Wheel Company for a balance upon two promissory notes, amounting to nearly $500. These notes were executed by Rodecker & Pearson as a partnership,

John Pearson, now deceased, being one of the members of the firm. On May 26, 1876, these notes were sent by the wheel company from Sandusky, Ohio, to B. S. Adams, of Stuart, Iowa, for collection. Rodecker & Pearson had put their property into the hands of an assignee for the benefit of their creditors, and in July, 1876, the assignee wrote to the wheel company that he was ready to pay sixty per cent on the amount of the claims, and that he was not inclined to make payment to Adams. The company directed the assignee to pay the money into the Exchange Bank, at Stuart, for the benefit of the company, which was done, to the amount of $311.17, and the wheel company received the money. Suit was commenced on the notes by Adams, and on the third day of October a judgment was rendered against the firm, and against each individual member thereof, for the full amount, without deducting the payment made by the assignee. John Pearson died on the third day of November, 1876. His last sickness was of some five weeks' duration, during which time he was wholly incapable of transacting any business. After his death Sidney Pearson, his widow, was appointed administratrix; and in a proceeding for that purpose the whole amount of the judgment was proved up as a claim against the estate, the administratrix having no knowledge of the payment, which had been made before the judgment was rendered. The property in question was occupied by Pearson as a homestead, but the debt to the wheel company was contracted before any homestead right attached. One Hollingsworth also had a claim which was contracted before the homestead was acquired. In 1880, Hollingsworth commenced a proceeding against the administratrix to subject the property to the payment of his claim, and a decree and order was made for the sale of the property to pay the claim, and in pursuance thereof the same was duly sold, and the defendants herein hold under that sale. Charles S. Fogg was the attorney of record for Hollingsworth in that proceeding, and conducted it throughout,

and by his procurement the court approved the sale, and made to the purchasers what they supposed to be a good title. Whether Charles S. Fogg, or H. E. Long, or Fogg, Long & Neal so supposed, the facts to which we now call attention will disclose. Sometime in 1882, H. E. Long wrote to the wheel company relative to bringing an action against these defendants to subject the real estate in question to the payment of the judgment, and Fogg, Long & Neal prepared a petition for that purpose, and took it to Adams to send to the wheel company. Not receiving any response from their petition, they addressed the following letter to the company:

"STUART, IOWA, November 16, 1883.

" *The Sandusky Wheel Company, Sandusky, Ohio*—GEN-TLEMEN: A Mr. Gresham says you have a judgment against Rodecker and Pearson several years old; that he will give you fifty dollars for it, and hold you harmless from the payment of costs in the matter. You are aware that Pearson has been dead for years, and that Rodecker is insolvent, and nothing can be collected out of him,—is, and always will be, execution proof, probably. The time was when it might possibly have been made out of Pearson's estate, or property left by him; but that has long since been disposed of by the administratrix under an order of court. It is, I am of the opinion, all you can get out of it, and probably more than to attempt to collect it, and when that amount is realized by you it is better than nothing. Please advise.

"Yours, truly, FOGG, LONG & NEAL."

The wheel company accepted the proposition, and Fogg, Long & Neal sent a draft for fifty dollars, with an assignment of the judgment to Gresham, which was signed and returned. It is averred in the answer that there is no such person in being as John Gresham. This appears to be a mistake. It seems that there is such a person, and that he is a farmer living, as we infer, near Knoxville, in this state.

He knew nothing about this judgment, and did not furnish the fifty dollars with which it was purchased. It was paid for by H. E. Long, and Gresham has paid nothing. It is true that both Long and Gresham testify that Long is to be repaid, and Gresham testifies that no one but himself is interested in the judgment or its prosecution, *unless it be his attorneys*. The fact is, Gresham did not know of the purchase of the judgment until after the assignment was made to him. His testimony consists of answers to certain interrogatories appended to defendant's answer, and these answers were written by H. E. Long. It is proper to say that the partnership of Fogg, Long & Neal were never employed by the wheel company to draft a petition for them, and their efforts in that behalf were purely voluntary, unless they were employed by Adams; but even this is not made to appear. It appears, from the abstracts and arguments in this case, that C. S. Fogg is attorney for John Gresham, the plaintiff. Fogg testified on that question as follows: "I am the attorney for plaintiff, John Gresham, in this case. Personally I have had no correspondence or conversation with Mr. Gresham in respect to this claim. I am not able to state whether this action was brought by the firm of Fogg, Long & Neal. I do not remember how the papers were signed. It may have been begun by H. E. Long and C. S. Fogg as individual attorneys.

Much has been said in argument upon the question whether the defendants can avail themselves of the payment which was made upon the claim of the wheel company before it was reduced to judgment. We do not feel called upon to determine that question.

The foregoing statement of facts is undisputed, and it is apparent that John Gresham has no interest in this claim, only as his name has been used by H. E. Long or Fogg, Long & Neal. He is the mere instrument used by Fogg, Long & Neal to carry on this speculative litigation. In an affidavit filed in this court, Gresham states that he has no

case in Guthrie county, Iowa, against the defendants herein; and that, if there is any such case pending in his name, it is unauthorized by him. It can hardly be expected that this court will entertain actions and appeals which are not authorized by the alleged plaintiffs therein. We regard this affidavit as a virtual abandonment of the case by Gresham, and, until the real parties to this transaction present themselves, we must decline to adjudicate the defendant's title to the property.

The decree of the court below will be reversed, and the cause will be dismissed as not being prosecuted by the party in interest.

REVERSED.