HUME v. FRANZEN ET AL.

| 73 | 25 |
| f113 | 661 |
| 73 | 25 |
| 115 | 362 |

1. **Vendors and Purchasers**: GOOD FAITH: NOTICE: EQUITY. K. held the legal title to 520 acres of land worth $5 per acre, but he was only the trustee of V., who held the equitable title. The equitable title was transmitted by several conveyances to plaintiff. K. conveyed the legal title to L., by a quitclaim deed, for $60, upon the false representation by L. that he needed the quitclaim to perfect a title which he already had. L conveyed to W., but W. knew that L. had paid only $60 for the land. W. conveyed to defendant, but defendant, in an action by plaintiff to quiet the title, introduced no evidence as to the good faith of his purchase. *Held*

Hume v. Franzen et al.

(1) That L. was not a good faith purchaser.·

(2) That W. was not a good faith purchaser, because his knowledge of the inadequate consideration paid by L. for the land charged him with the duty of inquiring into the good faith of L.'s purchase, and with knowledge of the facts which such inquiry would have disclosed.

(3) That the burden was on defendant to show that he was a good faith purchaser, and that, he having failed to do so, the title was properly quieted in plaintiff.

2. **Former Adjudication**: APPEARANCE BY MISTAKE FOR ONE NOT A PARTY. An adjudication does not bind one not a party to the action, even though an attorney without authority appears for such person upon the supposition that he is a party, but withdraws his appearance upon discovering his mistake.

*Appeal from Audubon District Court.*

WEDNESDAY, OCTOBER 19.

ACTION to quiet title to 120 acres of land in Audubon county. There was a decree for the plaintiff. The defendants appeal.

*H. E. Long*, for appellants.

*Willard & Fletcher* and *C. A. & J. G. Berry*, for appellee.

ADAMS, CH. J.—Both parties claim through one John M. Kirk. The land was entered in Kirk's name, though in trust for one John B. Vail, who furnished the consideration. Soon after the entry Kirk undertook to make a transfer of the land to Vail. As to whether it had the effect to transfer the legal title is one of the disputed points, but it is not material to determine the question. Vail was certainly the equitable owner from the outset, and the plaintiff, by different conveyances, became the owner of his equitable interest, and was such at the time of the commencement of this action, and before decree became the holder of the legal title, unless the title under which the defendant Franzen claims shall be held to be good.

We have, then, simply to consider the question as to the validity of Franzen's title. The facts respecting it are these: One H. E. Long, discovering several years after the land was entered that Kirk appeared on record to be still the owner, made an application to him for a quitclaim deed, upon the theory that he, Long, had in some way become the owner, and needed a quitclaim to perfect his title. The application embraced this and other land similarly situated, amounting in all to 520 acres, and worth about $5 an acre. The result of the application was that Kirk executed a deed of the 520 acres to Long for $60. Long then sold and conveyed it to the defendant Wetmore, and he sold and conveyed to the defendant Franzen. Long was of course not a *bona fide* purchaser. He knew that Kirk did not understand that he was the owner at the time he made the deed to him, (Long,) but, on the other hand, understood that he was not the owner, but had parted with his title to some one.

As to Wetmore, the grantee of Long, we have to say that we think that he also was not a *bona fide* purchaser. The evidence shows that he saw the deed from Kirk to Long, and that deed showed the consideration for the 520 acres to be $60. He had good reason to suppose that the deed from Kirk was not made with the understanding that he was the owner. We must assume that any person of ordinary intelligence and honesty, if he were about to purchase from Long, would have inquired if $60 was really what he paid for the land described in the deed, and, if so, what the explanation of such a transaction was. He was then put upon inquiry, and must be charged with knowledge of all that a proper inquiry could be presumed to have led to, and that would have been just what Long knew; and that is, that Kirk did not understand that he was the owner, but had parted with the title to some one.

As to Franzen, the present claimant, the burden is on him to show that he is an innocent purchaser for value; and upon that point there does not appear to be any evidence

whatever. It is claimed, however, by him, that the plaintiff is barred by an adjudication in an action in which Wetmore was plaintiff, and one Alexander Hume was defendant. But the fact is that the plaintiff, John E. Hume, was the owner at that time, and was not made a party to the action. It is claimed, to be sure, that one Berry, as an attorney, appeared for him. Berry testified that he appeared for him, but he did so upon the supposition that he was a party, and, upon discovering that he was not, Berry withdrew his appearance. We may add that we think that the evidence fails to show that Berry was authorized to appear, and, if not authorized, his appearance after withdrawal should go for nothing.

2. FORMER adjudication: appearance by mistake for one not a party.

The decree of the district court appears to us to be correct. AFFIRMED.

PER CURIAM. We have found, upon the abstract in this case, the name of Charles S. Fogg, as attorney for the appellant. He has not made any actual appearance in the case in this court, and we have omitted to insert his name in the opinion because he says that he does not wish to be considered as appearing in the case as responsible for the appeal. We take this occasion also to say, in relation to a certain criticism made upon Mr. Fogg in the case of *Gresham v. Chantry*, 69 Iowa, 728, that he disclaims all intention of perpetrating a wrong in the case; and he places his disclaimer upon the ground that he was misled in regard to the facts. We are unwilling to do any member of the bar injustice, and are glad to place upon record any statement which may tend to exonerate Mr. Fogg, who is, so far as we know, a worthy member of the profession. In view of facts which have recently come to our knowledge in respect to that case, we have to say that we do not think that he was responsible for the wrong which was attempted.