JOSEPH A. LORBER, Appellee, v. C. C. CONNOR AND W. M. STARK, Intervenor, Appellants.

82b 739|
112 512|

Practice in Supreme Court: BILL OF EXCEPTIONS : RECORD : INTERVENTION.

*Appeal from Muscatine District Court.*— HON. ANDREW HOWAT, Judge.

FRIDAY, FEBRUARY 6, 1891.

ACTION for forcible entry and detention of real property. There was a judgment for the plaintiff, and the defendant and intervenor appeal.—*Affirmed*.

*E. F. Richman*, for appellants.

*J. J. Russell* and *P. M. Detwiler*, for appellee.

GRANGER, J.—I. The appellee moves to strike the bill of exceptions from the files, because not filed in the time allowed by the court, and, as we understand, the appellants do not question but that the motion should be sustained. They do, however, contend that, notwithstanding the absence of the bill of exceptions, the testimony is "in the case," because "appellants' abstract is not denied." It is said in argument that "it is not alleged, and it is not a fact, that the reporter's notes and the transcript thereof was not filed and made a part of the record." It is said in *State v. Hemrick*, 62 Iowa, 414 : "The only way oral evidence introduced on the trial can be preserved and identified, for the purpose of an appeal to this court, is by a bill of exceptions signed by the trial judge." If there is no bill of exceptions to bring the evidence within the record, there is no evidence of which there can be an abstract for the purpose of an appeal. The sustaining of the motion to strike the bill of exceptions from the record divests the case on this appeal of any evidence for our consideration.

II. At the trial in the justice's court, Stark, who is intervenor and an appellant herein, filed his petition of intervention, which, on motion of the plaintiff, was striken from the files, on the ground that there could be no intervention in the proceeding. No exceptions were taken to the ruling, and there was no further issue or trial as to the intervenor, nor was there any judgment against him. The intervenor, however, joined with the defendant in the appeal to the district court, and that court on motion dismissed him from the proceeding because not a party thereto, and to that ruling there was an exception, and the ruling is urged here as erroneous. The ruling is right. The action of the justice, of which the intervenor could complain, bears no relation to the judgment from which the appeal was taken. If the judgment from which the appeal was taken was reversed, it would not in any manner affect the situation of the intervenor in the case. He was not a party to the judgment, and could not join in an appeal from it. His remedy, if any, because of the action of the justice in striking his petition was by writ of error. Code, sec. 3597. An appeal is only from the final judgment of a justice, and by a person aggrieved thereby. Code, sec. 3575. There was no final judgment in this case by which the intervenor could be aggrieved. See *Belding v. Torrence*, 39 Iowa, 516 ; *Craine v. Fulton*, 10 Iowa, 457 ; *Stricker v. Holtz*, 50 Iowa, 291, and other cases.

Other questions in the case could only be considered by reference to the testimony, which is not in the record, and the judgment is AFFIRMED.