IDA B. KUHN and IDA B. KUHN as Guardian of CLAYTON C. KUHN, and FRANCIS D. KUHN and IDA B. KUHN as Administratrix of the Estate of CYRUS F. KUHN, deceased, Appellant, v. SARAH G. DOWNS, W. H. KUHN and BRICK P. KUHN, Appellees.

**Partition:** TAXATION OF ATTORNEY'S FEES. Attorney's fees are not taxable as costs in favor of plaintiff's attorney in partition proceedings, where the parties join issue and the defendant in good faith employs independent counsel.

**Same:** APPEAL. The taxation of attorney's fees in partition proceedings is for the benefit of the party to the action and not the attorney; so that the attorney has no right of appeal from an order refusing to tax the same as costs.

*Appeal from the Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

FRIDAY, MAY 17, 1912.

THE opinion states the case.

*Saunders & Stuart* and *J. J. Stewart*, for appellant.

*W. H. Ware* and *Tinley & Mitchell* for appellees.

WEAVER, J.—William H. Kuhn died, intestate, seised of some 800 acres of land in Pottawattamie county. He left surviving him his wife, Julia, and four children, Sarah G. Downs, William H. Kuhn, Brick P. Kuhn, and Cyrus F. Kuhn. Thereafter the widow, Julia Kuhn, died, intestate, and the entire property became vested in the four named children. Later Cyrus F. Kuhn died, intestate, leaving surviving him his wife, Ida B., and two minor children. This action was brought by the said Ida B. Kuhn in her own right, and as guardian of her said children and as administratrix of her husband's estate, for a partition of the lands above mentioned. She also alleged in her petition that defendants had for some time been in the possession and use of said property, and she prayed that they be held to an accounting of the rents and profits. To this proceeding the defendants appeared, admitting the ownership of the land by William H. Kuhn in his lifetime and the descent of the title to his children, as alleged, but averred that during the lifetime of the said Cyrus F. Kuhn, through whom the plaintiff in her own right, and as guardian and administratrix, claims title, they entered into a contract with him for the purchase of all his right, title, and interest in and to said property, and that under and by virtue of said contract defendants took and still retain possession thereof. They further alleged that upon the appointment of plaintiff as administratrix of the estate of said Cyrus F. Kuhn they tendered to her the agreed purchase price of said land, and demanded of her a conveyance thereof, and that she refused the tender, and refused to make the required conveyance. Upon these allegations, defendants asked that the petition be dismissed. By way of cross-petition, defendants pleaded

the same alleged state of facts, and, in addition thereto, alleged that said contract of sale to them included also the interest of the said Cyrus F. Kuhn in the personal estate left by their parents. They also alleged the tender of the price to plaintiff, as aforesaid, and their present willingness and readiness to perform the contract on their part, and asked that specific performance thereof be decreed. Plaintiff denied the cross-petition, and thereupon all the issues were tried to the court, resulting in a decree for plaintiff, as prayed.

The plaintiff and J. J. Stewart, Esq., who had acted as her counsel in said proceedings, then united in an application or motion, asking that an attorney's fee in their favor of $618.25 be taxed as a part of the costs of the partition. This motion was denied, and from that ruling the plaintiff and J. J. Stewart appeal.

Under the provisions of the statute, as the same have quite frequently been interpreted by this court, the ruling appealed from is clearly correct. We had occasion to

1. PARTITION: taxation of attorney's fees.

consider this statute and review the precedents relating thereto in the case of *Hawk v. Day*, 148 Iowa, 47. After due consideration, we there said: "We regard it clear that, where the title to the property is put in issue, the Legislature did not intend to impose the burden of paying any part of plaintiff's attorney's fees upon the opposing parties, who are represented by counsel of their own. The only justification for the practice of assessing such fees is in the fact that in a very large proportion of cases there is no contest over proportionate shares, and the proceedings are amicable in character and afford, in many instances, the easiest and most expeditious method of segregating the interests of tenants in common; and the attorney who institutes the action is serving the defendants, as well as the plaintiff. Under such conditions, it is entirely equitable to provide that the shares of all parties be made to contribute pro-

portionately to the expense thus incurred for the common benefit. But, where the title or right of a party to share in the property is wholly denied, or his share, if any, is made a matter of dispute, and each employs the service of counsel, it would be signally unjust to require such contribution." See, to the same effect, *Oziah v. Howard*, 149 Iowa, 205.

The rule thus stated is, we think, a fair exposition of the legislative intent, and it accords as well with an enlightened sense of justice. The answer and cross-petition in the case before us did deny the plaintiff's title. Both parties were represented by counsel, and the issues were tried out to a final decree, adjudicating the rights of the parties; and there appears no legal or equitable reason why each should not bear the expense of his or her own counsel fees. It is, of course, true that if the defendant in such proceedings set up a hostile claim of title, which the court finds to be sham or frivolous, and is apparently pleaded simply to cast upon the plaintiff all the expense of a partition to which he is clearly entitled, such an issue will not be allowed to deprive plaintiff of the right to a taxation of attorney's fees (*Hanson v. Hanson*, 149 Iowa, 86); but the record before us is not such as to impeach the good faith of the defense, and we find no reason for setting aside the order made by the court below.

Though the question is not argued, we think it proper to say that the attorney conducting a partition proceeding has no such interest in the taxation of costs as entitles

2. SAME: appeal. him to appeal therefrom. Attorney's fees are not taxed in favor of counsel in any case. If taxable at all, it is in favor of the party to the action, and is in the nature of a reimbursement to him for an expense which he has reasonably incurred, and to which the entire property ought, in equity, to contribute.

For the reasons stated, the ruling of the district court is *Affirmed.*