AUGUST TETZLOFF, Appellant, v. GEORGE E. MAY, Administrator, PAULINE FEIL, Intervener, Appellees.

AUGUST HAVENER, Appellant, v. GEORGE E. MAY, Administrator, PAULINE FEIL, Intervener, Appellees.

APPEAL AND ERROR: Right to Appeal—Consent of Client—Necessary Dismissal of Appeal. An appeal taken without the consent of the party in interest will be dismissed.

*Appeal from Floyd District Court.*—M. F. EDWARDS, Judge.

MAY 21, 1919.

MOTION to dismiss an appeal, on the ground that the appellant did not authorize the appeal. Opinion states the facts. Motion sustained.—*Appeal dismissed.*

*H. J. Fitzgerald,* for appellants.

*J. C. Campbell* and *F. & F. M. Lingenfelder,* for appellees.

GAYNOR, J.—One branch of this case was before this court in 1911, and a decision rendered by Judge Weaver,

found in 151 Iowa 441. In that case, it was held that a widow's statutory right to the payment of her allowance made for her support out of the lands of her deceased husband, is not subject to the lien of an attachment against her husband, levied in his lifetime.

It was again before this court in 1915, and it was again held that the widow's allowance for support is entitled to preference over the claims of attaching creditors. 172 Iowa 617.

After these cases were decided, the district court, on motion, set aside the allowance to the widow for her support, and from this she appealed. On this appeal, the action of the court was reversed, and the order of the lower court set aside. It was held that Section 3314 of the Code, allowing the court to set off to the widow a certain sum for her support, which might be increased or diminished, vests the court with some discretion under certain circumstances; that the action of the court in setting aside the allowance under the circumstances shown was an abuse of discretion, and the order setting aside the allowance was reversed. This case is reported in 181 Iowa 1253.

It appears that, before the third appeal was taken, involving the right of the court to set aside the allowance, the clerk paid to the plaintiff's attorney the amount of money in the hands of the clerk, without making any provision for the payment to the widow of her allowance. After this opinion was filed, and on the 27th day of February, 1918, Hon. T. S. Stevens, a member of this court, ordered a restitution of this money to the clerk for proper distribution, and in pursuance of said order, the money received by plaintiff's attorney was returned to the clerk under protest. A motion was then made to rescind the order of restitution. It seems to have been denied. The district court thereupon, on the 1st of April, 1918, adjudicated that the money so deposited, to the extent of $437.15, be set off to

the widow as her allowance, and the clerk was directed to pay all the costs in the three cases in the Supreme Court and the two district court cases out of the balance, to all of which this plaintiff excepted. We refer to these opinions heretofore cited for a full statement of the facts leading up to the present controversy.

The widow has filed a motion to dismiss this appeal, and bases her right to have the appeal dismissed on the ground that the questions herein presented were adjudicated in the cases heretofore referred to, and in further support of her motion, alleges that the party named as appellant in the record of the appeal, August Tetzloff, is in no manner a party to the appeal and did not authorize the appeal; that his name is used as appellant by his attorney without his knowledge and consent; that the record of the clerk shows that the clerk paid H. J. Fitzgerald, as attorney for the plaintiff, on the 5th day of January, 1915, the sum of $617.73, and that an order of restitution was made thereafter, and that Fitzgerald restored the same to the hands of the clerk, though he did it out of his personal funds, under protest. She submits, in support of the motion to dismiss, the affidavit of the plaintiff, Tetzloff, as follows:

"I, August Tetzloff, being duly sworn, on oath depose and say that I am the person named as appellant in the above-entitled case; that I am the same person as referred to in the case of Tetzloff versus May, 151 Iowa Reports, page 441, Tetzloff versus May, 172 Iowa Reports, page 617, and Tetzloff versus May, 165 Northwestern Reporter, page 328.

"I further depose and say that I have never received from F. M. Graham, clerk of the district court of Floyd County, Iowa, nor from H. J. Fitzgerald, any sum of money whatever, growing out of the litigation in any of the above-entitled cases; that H. J. Fitzgerald has carried on the

said litigation except the first appeal, in my name without my knowledge or consent; that according to the certificate of the clerk of the district court of Floyd County, Iowa, shown in the abstract filed in this case by appellant on page 6, lines 27 to 33, and page 7, lines 1 to 12, there was paid by said clerk on the 5th day of January, 1915, to H. J. Fitzgerald, as attorney for me, to apply on a judgment in my favor, the sum of six hundred seventeen and 73/100 dollars costs, reference to which certificate is hereby made.

"I further depose and say that I never received any of said money from H. J. Fitzgerald or from anybody else, and that he has never disbursed the same, as stated in said abstract by him, and as stated by him in the district court of Floyd County, Iowa, and that he still retains the same from me; that on page 25 of said abstract, lines 14 to 26 thereof, the said H. J. Fitzgerald claims to have paid back said sum, with interest, to the clerk of the district court of Floyd County, Iowa, out of his personal funds, claiming that the money that he drew from the clerk has been paid to me.

"I further depose and say that I have just been informed that I have been made appellant in the above-entitled case now pending in the Supreme Court of Iowa, but that I have heretofore had no knowledge of the same and have not authorized or instructed H. J. Fitzgerald or anyone else to make any appeal for me in said cause; but that I desire that the said fund in the hands of the clerk of the district court of Floyd County, Iowa, be disbursed, according to the decree of the Supreme Court of Iowa, rendered in the premises, in the case of Tetzloff versus May, 165 Northwestern Reporter, page 328, and in accordance with the order of the Honorable M. F. Edwards, judge of the district court of Floyd County, Iowa, rendered on the 1st day of April, 1918, and shown on pages 30, 31 and 32 of

appellant's abstract, and that the appeal made in my name in this case be dismissed."

One cannot be appellant against his will.

On this showing, we think the motion ought to be sustained, and it is sustained, and the appeal dismissed.—*Appeal dismissed.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.