HELEN C. GARBERSON, plaintiff, v. JOHN HOWARD GARBERSON, defendant.

WILLIAM P. WELCH et al., appellants, v. JOHN HOWARD GARBERSON, appellee.

No. 47627.

(Reported in 42 N.W.2d 391)

MAY 2, 1950.

Carlos W. Goltz, of Sioux City, and William P. Welch, of Logan, pro se.

Shull & Marshall, of Sioux City, for appellee.

MULRONEY, J.—The plaintiff, Helen C. Garberson, dismissed her suit for separate maintenance against her husband, John Howard Garberson, by filing a written dismissal of the suit with prejudice and at her costs in the district court of Woodbury County where the suit was pending. Thereafter, William P. Welch and Carlos W. Goltz filed a notice of appeal from the trial court's ruling on an application for temporary support, suit money and attorney fees. The ruling was to the effect that

the court had lost jurisdiction—by virtue of the dismissal—to make any order with respect to temporary support, suit money, or attorney fees.

The notice of appeal states: "The parties taking the appeal are William P. Welch and Carlos W. Goltz, attorneys at law, who have heretofore appeared for the above named plaintiff."

The defendant, John Howard Garberson, filed a motion to dismiss the appeal on the ground that William P. Welch and Carlos W. Goltz are not parties to the case and cannot appeal. The motion must be sustained. The proposition that only a party to the record can appeal is too plain for extended argument. In Phillips v. Shelton, 6 Iowa 545, this court dismissed an appeal by one who was not made a party in the trial court. Again in State ex rel. Alderson v. Jones, county judge, 11 Iowa 11, 14, we dismissed an appeal stating:

"Moore was not a party to this proceeding either as plaintiff or defendant. Nor had he ever asked to be made a party thereto. * * * Until he was thus made a party he was in no manner liable for costs, nor could he interfere with rights of the original parties."

In Ferguson v. Board of Supervisors, 44 Iowa 701, the appeal was dismissed, the opinion stating: "The appeal was not taken by the defendant, but by one who is not a party to the record. This cannot be done. Borgalthous v. F. & M. Ins. Co., 36 Iowa 250."

To the same effect see Lorber v. Connor, 82 Iowa 739, 47 N.W. 1006; Yockey v. Woodbury County, 130 Iowa 412, 106 N.W. 950; Kuhn v. Downs, 156 Iowa 247, 136 N.W. 199; Tetzloff v. May, 186 Iowa 520, 172 N.W. 446; Dean v. Clapp, 221 Iowa 1270, 268 N.W. 56.

The appeal is dismissed.

All JUSTICES concur.