STATE OF IOWA, appellee, v. MARGARET LUNDSTEDT, appellant.

No. 48588.

(Reported in 67 N.W.2d 450)

DECEMBER 14, 1954.

Hall & McCarthy, of Davenport, for appellant.

Leo A. Hoegh, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Charles G. Rehling, County Attorney of Scott County, for appellee.

OLIVER, J.—Defendant was convicted in police court of a misdemeanor. She appealed to district court and deposited $25 in money with the clerk of the district court in lieu of bail. Upon trial she was acquitted. One of the firm of attorneys who had represented defendant in said case subsequently asked the clerk to deliver to him the $25 deposit. The clerk refused, stating he would deliver it to defendant, only.

Thereafter, the attorney, in his own name, made application to the court for an order directing the clerk to issue a check for $25, representing the deposit, to the firm of attorneys. Upon trial to the court the application was dismissed. Thereafter the court certified the cause to be one in which an appeal should be allowed, and notice of appeal to this court was filed. This notice, captioned in the criminal case, recites, "defendant herein has appealed * * * from the order * * * dismissing the Application of the Defendant * * * ." It was signed by the firm of attorneys, "Attorneys for defendant-appellant."

■■ The appeal must be dismissed. Upon oral argument counsel candidly admitted the appeal was not taken by Margaret Lundstedt or with her consent or knowledge but was nothing more than an appeal by the firm of attorneys for their own purpose and benefit. They were not parties to the record and had no right of appeal. Garberson v. Garberson, 241 Iowa 713, 42 N.W.2d 391. It may be noted also defendant herself would have had no right of appeal from the order, because it was not adverse to her.—Appeal dismissed.

All JUSTICES concur.