**STATE of Iowa, Appellee,**

v.

**Paul Frank AUMANN, Appellant.**

**No. 59509.**

Supreme Court of Iowa.

April 19, 1978.

Rehearing Denied July 26, 1978.

See also 236 N.W.2d 320.

Robert A. Engberg of Pryor, Riley, Jones & Aspelmeier, Burlington, for appellant.

Richard C. Turner, Atty. Gen., Thomas Evans, Asst. Atty. Gen., Steven S. Hoth, County Atty., for appellee.

HARRIS, Justice.

Paul Frank Aumann (defendant) was convicted of robbery with aggravation in violation of §§ 711.1 and 711.2, The Code.[1] His counsel, without defendant's permission and against defendant's wishes, has brought this appeal contending § 783.2, The Code, is unconstitutional in placing on defendant the burden of persuasion to show his unfitness to stand trial. Because of defendant's personal unwillingness to pursue the appeal the State moved for its dismissal. We ordered this motion submitted with the appeal. We hold defendant's counsel acted properly in bringing this appeal, even though against the wishes of his client. We find § 783.2 does not offend due process. Accordingly we affirm the trial court.

The undisputed facts which gave rise to this prosecution follow a pattern familiar in defendant's past. In his brief and argument defendant's counsel explains:

"Defendant has a history of stealing cars and committing other crimes after which he would voluntarily surrender to law enforcement officials with the inherent purpose of being incarcerated. Defendant is totally consumed with the feeling of a need to be so incarcerated, such need accounting for his criminal activities, subsequent surrenders, and avoidance of opportunities for parole. At such times as defendant would be released under various release programs, he would proceed to commit another crime and again turn himself in to appropriate authorities. Defendant had committed a nearly identical crime in Marshfield, Wisconsin in 1969 under nearly identical circumstances."

Defendant's counsel gives the following explanation of the circumstances giving rise to this prosecution:

"On June 14, 1974, defendant was discharged from the Veterans' Hospital in Iowa City and took a bus to Burlington with approximately $90–$100 in his possession. After arriving in Burlington, defendant took most of his worldly possessions in a cardboard box, walked in the front door of the Sears store in Burlington, walked to the hardware department in the basement of the store, obtained a linoleum knife, and approached a clerk standing near an open cash register in the basement, demanding $20 and threatening use of the knife. Defendant stated that had the clerk resisted he would have gone to a different hardware store to complete a robbery because, in defendant's words, attempted robbery was '15 years' and therefore he would have had to rob another hardware store. After obtaining $30–$40 from the clerk, defendant picked up his cardboard box and personal property, walked out the front door, sat down on the sidewalk at the front of the store and smoked a cigarette. Defendant heard the Burlington police department coming from a distance, waited for their arrival, and was arrested for the crime charged."

Following a psychiatric evaluation the trial court determined there was a reasonable doubt as to defendant's sanity. A competency trial was ordered pursuant to chapter 783, The Code.[2]

At the competency trial conflicting testimony of psychiatrists was introduced. The defense offered the opinion of a psychiatrist who believed defendant did not understand the charge and was unable effectively to aid in his defense. A state psychiatrist

1. All references to the Code in this opinion are to the Code, 1973.

2. Section 783.1, The Code, provides: "If a defendant appears in any stage of the trial of a criminal prosecution, and a reasonable doubt arises as to his sanity, further proceedings must be suspended and a trial had upon that question."

offered a contrary opinion. Defendant himself testified he understood the charge against him, could talk about it with his attorney, and realized the consequences of a conviction. The trial court thereafter submitted the question of defendant's sanity to the jury by instructions which placed upon defendant the burden to prove his insanity and incompetence by a preponderance of the evidence. Such a burden is required by § 783.2, The Code.[3]

Defendant's counsel objected to the instructions insofar as they placed the burden of proof upon defendant. After the jury returned its verdict finding defendant competent to stand trial defendant attempted an appeal to this court. That appeal was dismissed because it was not from a final judgment. *State v. Aumann,* 236 N.W.2d 320 (Iowa 1975).

At a later trial defendant was tried and convicted of robbery with aggravation. He thereafter was sentenced and his counsel brought this appeal. Defendant's refusal to appeal was in accordance with his previously described desire for incarceration.

■ I. We consider first the State's motion to dismiss this appeal by reason of defendant's unwillingness to take it. We overrule the motion.

If defense counsel is allowed to pursue this appeal the only assignment of error will relate to defendant's competency. And, if defendant is in fact incompetent, his unwillingness to appeal might well derive from his lack of competence. Thus an irrational veto of the appeal by an incompetent accused might preclude any review of the incompetence.

■ The situation falls outside the rule which usually gives defendants, rather than their attorneys, the choice of whether an appeal should be taken. The general rule in Iowa and elsewhere is that, in the absence of the consent of his client, an attorney has no authority to institute or maintain an appeal from a judgment against the client. *Motor Club of Iowa v. Depart. of Transp.,* 251 N.W.2d 510, 513 (Iowa 1977); *State v. Schmidt,* 259 Iowa 972, 982, 145 N.W.2d 631, 637 (1966), cert. denied, 386 U.S. 965, 87 S.Ct. 1046, 18 L.Ed.2d 115 (1967); *State v. Lundstedt,* 246 Iowa 355, 356, 67 N.W.2d 450 (1954); *Garberson v. Garberson,* 241 Iowa 713, 714, 42 N.W.2d 391 (1950); *Tetzloff v. May,* 186 Iowa 520, 524, 172 N.W. 446, 447 (1919); and *Gresham v. Chantry,* 69 Iowa 728, 733, 27 N.W. 752, 754 (1886).

However where the client is thought to be incompetent an especially heavy and delicate responsibility falls upon his lawyer. A guide for the lawyer, in discharging his professional responsibilities, in such circumstances is spelled in ethical consideration 7–12 Code of Professional Responsibility:

"Any mental or physical condition of a client that renders him incapable of making a considered judgment on his own behalf casts additional responsibilities upon his lawyer. Where an incompetent is acting through a guardian or other legal representative, a lawyer must look to such representative for those decisions which are normally the prerogative of the client to make. If a client under disability has no legal representative, his lawyer may be compelled in court proceedings to make decisions on behalf of the client. If the client is capable of understanding the matter in question or of contributing to the advancement of his interests, regardless of whether he is legally disqualified from performing certain acts, the lawyer should obtain from him all possible aid. If the disability of a client and the lack of a legal representative compel the lawyer to make decisions for his client, the lawyer should consider all circumstances then prevailing and act with care to safeguard and advance the interests of his client. But obviously a lawyer cannot perform any act or make any decision which the law requires his client to perform or make, either acting for himself if competent, or by a duly constituted representative if legally incompetent."

**3.** Section 783.2, The Code, provides: "Such trial shall be conducted in all respects, so far as may be, as the prosecution itself would be, except the defendant shall hold the burden of proof, and first offer his evidence and have the opening and closing argument."

We believe the facts shown in the instant case amount to a disability of a client and lack of a legal representative under EC 7–12 which rendered it imperative for defendant's counsel to make the appeal decision for defendant. The determination of defendant's counsel to pursue this appeal against what may well have been the misguided wishes of defendant was eminently proper. Indeed, we find counsel's lonely defense of the rights of his client commendable.

II. Defendant initially contended, in separate assignments of error, that § 783.2 offended due process clauses of both the state and federal constitutions. However, he now expressly concedes the challenge under the United States Constitution cannot be sustained because of *Rivera v. Delaware,* 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1976). Defendant expressly withdrew his claim under the due process clause of the 14th Amendment to the United States Constitution and we give it no further consideration.

Defendant continues to claim § 783.2 offends the due process clause of Art. I, § 9 of the Iowa Constitution and its related rights under Art. I, § 10 of the Iowa Constitution. Defendant's claim is that the statute is unconstitutional in placing on him the burden of persuasion to show his unfitness to stand trial.

In a line of recent cases we have changed various rules which formerly placed on criminal defendant's the burden of persuasion to show matters recognized as indicating a lack of specific intent. In *State v. Templeton,* 258 N.W.2d 380, 383 (Iowa 1977) we held for the first time a defendant who relies on evidence of intoxication no longer has the burden to prove the intoxication caused him to lack a specific intent.

*Templeton* was in line with previous holdings we traced in our opinion:

"This position is consistent with the view we have taken of the analogous defense of diminished responsibility. Compare *State v. Hall,* 214 N.W.2d 205 (Iowa 1974), with *State v. Gramenz,* 256 Iowa 134, 126 N.W.2d 285 (1964). We adopted the same view of

the defense of alibi. *State v. Galloway,* 167 N.W.2d 89 (Iowa 1969). And we have refused to burden a defendant with the risk of nonpersuasion even as to defenses which are analogous to confession and avoidance. As to those defenses, unlike defenses of diminished responsibility, alibi, and now intoxication, the State must negate the defense as an additional element in its proof. See *State v. Thomas,* 219 N.W.2d 3 (Iowa 1974) (insanity); *State v. Ebelsheiser,* 242 Iowa 49, 43 N.W.2d 706 (1950) (self-defense); *State v. Fagan,* 190 N.W.2d 800 (Iowa 1971) (entrapment)." 258 N.W.2d at 382–383.

The rules controlling constitutional challenges are not disputed. Presumptions favor the constitutionality of a regularly enacted statute. The burden is upon the challenger to demonstrate beyond a reasonable doubt the existence of a constitutional violation. To sustain this burden the challenger must negative every reasonable basis which would support the statute. It is not for us to consider the wisdom or folly of any legislative act. We lack the power to declare a statute void unless it is plainly and without doubt repugnant to the provisions of the constitution upon which the constitutional challenge is based. *Moorman Mfg. Co. v. Bair,* 254 N.W.2d 737, 743 (Iowa 1977) and authorities.

We note that the burden of persuasion challenged in this appeal is one fixed by the legislature in § 783.2. It thus differs from common law burdens such as the one changed by our opinion in *Thomas,* 219 N.W.2d at 5 (insanity as a defense). And it likewise is to be contrasted with burdens held to be in violation of the United States Constitution, such as that charged in *Galloway,* 167 N.W.2d at 96 (alibi).

Defense counsel relies heavily on our holding in *Thomas,* supra, where we said:

"Upon careful reconsideration of the merits of this question, we conclude [on the basis of common law] that the burden should be on the State to prove the defendant's sanity beyond a reasonable doubt, for the reasons stated by the United States

Supreme Court in *Davis v. United States* [160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499], supra. We think the State must not only establish the *elements* of the crime but, when the defendant's *capacity* to commit the crime at all is drawn into question and substantial evidence appears in the record raising a fact issue under the M'Naghten test, the State must also establish the defendant's sanity. * * *." (Emphasis in the original.) 219 N.W.2d at 5.

However in *Thomas* the majority was careful to reject any constitutional basis for its holding. In overruling our previous cases (see *State v. Booth,* 169 N.W.2d 869 (Iowa 1969)) the majority took great pains to do so on the basis of common law principles. We do not believe our holding in *Thomas* is precedent for any claim of unconstitutionality.

■ Neither do we find the challenged statute is plainly and without doubt repugnant to the requirements of due process. On the contrary we reach the same conclusion, in interpreting our constitution, as that reached by the United States Supreme Court in interpreting the due process clause of the 14th Amendment to the United States Constitution. *Rivera,* supra. In *Rivera* the United States Supreme Court dismissed for want of a substantial question an appeal from *Rivera v. State,* 351 A.2d 561 (Del.1976). The Delaware Supreme Court held a statute similar to the one here challenged, did not offend due process. The Delaware statute made mental illness an affirmative defense which a defendant must prove by a preponderance of the evidence. The Delaware court held the question is controlled by *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) and not by *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Hence placing such a burden on a defendant is no violation of due process because it cannot be said to violate generally accepted concepts of basic standards of justice. In considering the due process challenge we see no appreciable difference between a statute treating mental illness at the time of the alleged offense and the instant statute, which treats mental illness as it relates to ability to stand trial.

We conclude defense counsel's challenge relates to the wisdom or logic of the challenged statute. It is not shown § 783.2 violates the generally accepted concepts of the basic standards of justice. Accordingly the challenger has not met his burden. Section 783.2 does not offend Art. I, §§ 9 and 10, of the Iowa Constitution.

AFFIRMED.

All Justices concur except MASON, RAWLINGS and McCORMICK, JJ., who dissent.

MASON, Justice (dissenting).

Because I am unable to agree with the determination made by the majority in division II of this opinion and by reason of the result flowing therefrom I dissent.

In division I, with which I agree, the question considered is whether a defendant's attorney may, without defendant's consent, appeal defendant's conviction where defendant's sanity and competency to stand trial were at issue in a competency trial and where his sanity was at issue in the trial on the merits of the charges filed against him.

The majority, after quoting EC 7–12, Code of Professional Responsibility, conclude, "We believe the facts shown in the instant case amount to a disability of a client and lack of a legal representative under EC 7–12 which rendered it imperative for defendant's counsel to make the appeal decision for defendant."

In my view, the issue presented for review in division II of the opinion is whether section 783.2, The Code, 1973, denies a defendant due process of law and related rights in violation of Article I, sections 9 and 10, of the Iowa Constitution because it places the burden on the defendant to prove by a preponderance of the evidence his insanity and incompetency to stand trial.

There is thus presented the following factual situation: (1) the majority in division I decide defendant's mental disability which

renders him incapable of making a considered decision on his own behalf makes it imperative for defendant's counsel to make the decision whether to appeal for defendant and (2) at the same time the majority decide in division II that placing the burden on such a defendant to prove his own incompetency to stand trial does not deny defendant due process.

In other words, the majority conclude defendant is in fact unable to cooperate with counsel and decide in a rational manner whether to appeal and in the next breath hold section 783.2, The Code, 1973, does not offend defendant's right to due process.

In my opinion it would be a strange rule, indeed, to impose upon him the burden of proving his own incompetence, for the very disability which he would be seeking to prove renders him incapable, either logically or legally, of sustaining the burden of proof. In support see *People v. Bender,* 20 Ill.2d 45, 169 N.E.2d 328, 332. Nevertheless, this is the very thing the majority did in division II.

Counsel contends section 783.2 is unconstitutional because it places upon defendant the burden of proving his insanity and incompetency to stand trial and thus deprives him of due process.

Article I, section 9, of the Iowa Constitution, relied on by counsel provides:

"The right of trial by jury shall remain inviolate; but the General Assembly may authorize trial by a jury of a less number than twelve men in inferior courts; but no person shall be deprived of life, liberty, or property, without due process of law."

In section 10 of this Article it is stated:

"In all criminal prosecutions, and in cases involving the life, or liberty of an individual the accused shall have a right to a speedy and public trial by an impartial jury; to be informed of the accusation against him, to have a copy of the same when demanded; to be confronted with the witnesses against him; to have compulsory process for his witnesses; and, to have the assistance of counsel."

Counsel bases the foregoing contention on our holding in *State v. Thomas,* 219 N.W.2d 3, 5 (Iowa 1974), where the court stated:

"Upon careful reconsideration of the merits of this question, we conclude [on the basis of common law] that the burden should be on the State to prove the defendant's sanity beyond a reasonable doubt, for the reasons stated by the United States Supreme Court in *Davis v. United States* [160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499], supra. We think the State must not only establish the *elements* of the crime but, when the defendant's *capacity* to commit the crime at all is drawn into question and substantial evidence appears in the record raising a fact issue under the *M'Naghten* test, the State must also establish the defendant's sanity. * * *." (Emphasis in original).

It is well settled in this state by the foregoing pronouncement in *Thomas* that whenever substantial evidence is introduced raising a fact issue under the *M'Naghten* test as to the accused's capacity to commit the act charged as a crime the burden devolves upon the state to prove beyond a reasonable doubt that at the time of the commission of the act the accused was sane.

On the other hand, whenever there is a record tending to raise a reasonable doubt at any stage in a criminal prosecution as to the accused's sanity so as to necessitate a jury trial on that question, section 783.2 places the burden on defendant of establishing by a preponderance of the evidence a bona fide doubt as to his mental capacity to understand the nature of the charge against him and to cooperate with his counsel and conduct his defense in a rational and reasonable manner.

There appears no logical reason why the burden of proof should shift to the defendant in a pretrial sanity hearing.

Sections 783.1 and 783.2 provide for a trial on the question whether the accused is insane at the time of the hearing. The sanity hearing which is thus prescribed is no empty formality, but is designed to pr~

serve the constitutional right of a defendant not to be placed on trial while he is insane.

A person charged with crime may not be tried while he is insane and if an insane person is placed on trial it is a violation of due process of law.

In support of this principle see *State v. Hamilton,* 247 Iowa 768, 772–773, 76 N.W.2d 184, 186, where the court said: " * * * It is the universal rule, as old as the common law, that an accused cannot be tried while insane, for the obvious reason that his insanity may render him incapable of making a rational defense. Section 783.-1, Code of 1954, I.C.A., which has been in our codes since 1850, Sections 3260 and 3261, in substantially the same words, merely makes the common law the statutory law of this State and sets out under what conditions the question of a defendant's *then* sanity may become an issue for a jury." (Emphasis in original).

It is, therefore, of great importance that a hearing under section 783.2 should be free from prejudicial error and that the hearing proceed in accordance with proper rules of evidence and that the jury be properly instructed as to the law. *People v. Bender,* 20 Ill.2d at 48–49, 169 N.E.2d at 330; *People v. Garlick,* 46 Ill.App.3d 216, 4 Ill.Dec. 746, 748–749, 360 N.E.2d 1121, 1123–1124; *People v. McCullum,* 66 Ill.2d 306, 5 Ill.Dec. 836, 839–840, 362 N.E.2d 307, 310–311.

In attempting to prove present incompetency, the defendant may be suffering from the very disability he must prove. Because of that, his inability to prove his incompetency will increase in direct proportion to his actual incompetency.

The majority say that "in considering the due process challenge we see no appreciable difference between a statute treating mental illness at the time of the alleged offense and the instant statute, which treats mental illness as it relates to ability to stand trial."

In my opinion, a real difference exists between the insanity defense and the issue of competency to stand trial. Presumably the defendant relying on an insanity defense is competent at trial time. He is capable of assisting his lawyer produce evidence to establish the defense. The proof relates to a past event rather than a present circumstance. In contrast, as stated, in attempting to prove present incompetency, the accused may be suffering from the very disability he must prove.

As a result of the majority's failure to see any appreciable difference between the insanity defense and the issue of competency to stand trial we have a decision wherein the court concludes in division I defendant is in fact unable to cooperate with counsel and decide in a rational manner whether to appeal and yet in division II the court places the burden on defendant of establishing by a preponderance of the evidence a bona fide doubt as to his mental capacity to understand the nature of the charge against him and to cooperate with his counsel and conduct his defense in a rational and reasonable manner.

This indeed presents a sad state of affairs where the issue of due process is involved, particularly in light of the fact the legislature did not see fit to retain section 783.2 of the 1973 Code in the Iowa Criminal Code, effective January 1, 1978.

I am aware that in order to show a deprivation of due process by placing the burden of proof on defendant in a hearing to determine his competency to stand trial it is necessary that the placing and carrying of such a burden present a problem of constitutional magnitude.

Since the concept of fitness to stand trial is grounded on the notion that it is fundamental to an adversary system of justice, *Drope v. Missouri,* 420 U.S. 162, 171–172, 95 S.Ct. 896, 903–904, 43 L.Ed.2d 103, 113, it is my view fundamental fairness dictates that where a defendant has raised a bona fide doubt as to his fitness to stand trial, the state, as a matter of due process, should bear the burden of persuasion on the question of defendant's fitness to stand trial.

In the present case defendant attacks the statute both on its face and as applied. I think it is unconstitutional in both aspects.

This defendant's disorder manifests itself in a desire to be incarcerated. The peculiar facts of the case, his background and the psychiatric testimony show this. We are so persuaded of the difficulty of the issue that we permit his lawyer to pursue this appeal without his consent. Under this record it appears he was not only incapable of assisting in his defense, according to the evidence his lawyer obtained from others, but he actively opposed the effort to show his incompetency. In these circumstances his lawyer had both hands tied behind his back. He not only had a client he believed to be incompetent, but the principal manifestation of incompetency was the client's active opposition and refusal to cooperate in meeting his statutory burden to prove his incompetency. This certainly warrants our holding the statute is unconstitutional as applied here.

I would hold that where the record discloses a defendant has appeared in any stage of a criminal prosecution and a reasonable doubt has arisen as to his sanity so as to necessitate a trial on that question, the state shall have the burden of persuasion, that is proof beyond a reasonable doubt, on the issue of an accused's mental capacity to stand trial.

The majority rely on *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 and *Rivera v. Delaware,* 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160. Both cases concern a situation where the accused's insanity is urged as a defense to defendant's criminal responsibility. Neither deals with the problem presented in the case presently before us and I am not persuaded that the logic of *Leland* requires the result reached by the majority here. In any event, we are not proscribed from imposing higher standards when deciding issues under our state constitution than required by the federal constitution.

RAWLINGS and McCORMICK, JJ., join in this dissent.