No. 75–6583. RIVERA *v.* DELAWARE. Appeal from Sup. Ct. Del. dismissed for want of substantial federal question. MR. JUSTICE STEVENS would note probable jurisdiction and set case for oral argument.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL joins, dissenting.

Appellant was convicted by a jury of murder in the second degree, in Delaware Superior Court. The Delaware Supreme Court reversed and remanded with instructions to strike the murder conviction but to enter a judgment of conviction for manslaughter; the constitutionality of a Delaware statute that requires a criminal defendant raising an insanity defense to prove mental illness or defect by a preponderance of the evidence was sustained. The relevant sections of the Delaware Code provide:

"§ 401. Defendant's mental illness or mental defect . . . .

"(a) In any prosecution for an offense, it is an affirmative defense that, at the time of the conduct charged, as a result of mental illness or mental defect, the accused lacked substantial capacity to appreciate the wrongfulness of his conduct or lacked sufficient willpower to choose whether he would do the act or refrain from doing it.

"(b) If the defendant prevails in establishing the affirmative defense provided in subsection (a) of this section, the trier of facts shall return a verdict of 'not guilty by reason of insanity.'"

"§ 304. Defendant's affirmative defenses; prove by preponderance of evidence.

"(a) When a defense declared by this Criminal Code or by another statute to be an affirmative defense is raised at trial, the defendant has the burden of establishing it by a preponderance of the evidence." Del. Code Ann., Tit. 11, § 401 (1975).

The Delaware Supreme Court held that *Leland* v. *Oregon,* 343 U. S. 790 (1952), required its conclusion, because *Leland* "has not been overruled by *Mullaney* [v. *Wilbur,* 421 U. S. 684 (1975)], . . . either expressly or implicitly." 351 A. 2d 561, 562 (1976). Because I believe this case presents the substantial federal question whether *Leland* can be reconciled with our recent holdings in *In re Winship,* 397 U. S. 358 (1970), and *Mullaney* v. *Wilbur, supra,* I would note probable jurisdiction and set the case for oral argument.

In *Mullaney,* we considered a Maine rule that placed upon a criminal defendant charged with murder the burden of proving by a preponderance of the evidence that he had acted in the heat of passion on sudden impulse in order to reduce the homicide to manslaughter. We concluded that this rule did not comport with the due process requirement, as defined in *In re Winship, supra,* at 361–364, that the prosecution must prove beyond a reasonable doubt every fact necessary to constitute the crime charged. In reaching this conclusion, my Brother POWELL's opinion for the Court pointed out that, in 1895, this Court considered and conclusively rejected the practice, accepted in several jurisdictions, of requiring the defendant to negate the presumption that he acted with malice aforethought. 421 U. S., at 694–696. *Davis* v. *United States,* 160 U. S. 469 (1895), the

decision referred to, held in the context of a federal murder prosecution that the prosecution must shoulder the burden of proving the accused was sane at the time of the commission of the crime. This was so, the Court concluded, because "the crime of murder necessarily involves the possession by the accused of such mental capacity as will render him criminally responsible for his acts." *Id.*, at 485. It is thus clear, following *Davis*, at least in the context of federal criminal procedure, that the accused's sanity is an ingredient of *mens rea*, an element of the crime which the prosecution must prove beyond a reasonable doubt.

*Leland* v. *Oregon* presented the same question in the context of a state rule requiring an accused to prove his insanity beyond a reasonable doubt. *Leland* refused to extend the holding of *Davis* to the States based on reluctance "to interfere with Oregon's determination of its policy with respect to the burden of proof on the issue of sanity since we cannot say that policy violates generally accepted concepts of basic standards of justice." 343 U. S., at 799. In effect, the Court concluded that *Davis* was not a constitutional holding, but rather prescribed a policy necessary to achieve uniformity in federal prosecutions. 343 U. S., at 797–798.

My Brother REHNQUIST's concurring opinion in *Mullaney,* in which THE CHIEF JUSTICE joined, would distinguish *Leland* on the basis that the issue of insanity as a defense to a criminal charge is considered by the jury only *after* it has found that all elements of the offense, including *mens rea,* are proved beyond a reasonable doubt. Although that concurring opinion concedes that "evidence relevant to insanity as defined by state law may also be relevant to whether the required *mens rea* was present, [it states that] the existence or nonexistence of legal insanity bears no necessary relationship to the existence or nonexistence of the required mental elements of the crime." 421 U. S., at 705–706.

I do not think that the logic of this view is self-evident.

Like the state rule invalidated in *Mullaney,* which implied malice unless the accused negated it, the plea of insanity, whether or not the State chooses to characterize it as an affirmative defense, relates to the accused's state of mind, an essential element of the crime, and bears upon the appropriate form of punishment. Nor is it sufficient after *Mullaney* to say, as the Court did in *Leland,* that a State may characterize the insanity defense as it chooses. We said in *Mullaney* that the requirement of *Winship* that the State prove all elements of the crime was one of substance, not limited to "a State's definition of the elements of a crime . . . ." 421 U. S., at 699 n. 24.

The Court's summary disposition of this case is especially inappropriate since *Hicks* v. *Miranda,* 422 U. S. 332 (1975), accords that disposition precedential weight. See also *Colorado Springs Amusements* v. *Rizzo,* 428 U. S. 913 (1976) (BRENNAN, J., dissenting). Given the transparent erosion of *Leland* by *Winship* and *Mullaney,* the question whether *Leland* has continuing validity surely merits full briefing and oral argument.