**STATE of Maine**

v.

**Richard S. TRACY.**

Supreme Judicial Court of Maine.

May 4, 1977.

Michael D. Seitzinger, P. J. Perrino, Jr., Waldemar G. Buschmann, Asst. Attys. Gen., Augusta, for plaintiff.

Smith, Elliott, Wood & Nelson, P. A. by George F. Wood, Saco, Basil L. Kellis, Sanford, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

Appellant was charged by an indictment with violation of 17 M.R.S.A. § 2651 (homicide punishable as murder). Upon arraignment he entered a plea of not guilty. Subsequently, he entered an additional plea of *"not guilty by reason of insanity."*[1]

After a jury-waived trial he was found guilty of murder and sentenced to life imprisonment in the Maine State Prison. This appeal seasonably followed the entry of judgment.

We deny the appeal.

The homicide with which the appellant was charged was a particularly brutal, heinous act. The victim had been beaten over the head and multiple stab wounds were inflicted, resulting in almost total decapitation.

---

1. We assume the plea was treated as a plea of not guilty by reason of mental disease or defect. Former 15 M.R.S.A. § 102, now 17–A M.R.S.A. § 58.

Following his arrest appellant was given appropriate *Miranda* warnings. His full confession followed. Subsequent to this confession appellant claims he was unable to recall what his actions had been as they relate to the alleged crime. Also relevant to the *"insanity"* defense was evidence that the appellant had suffered a fall several years earlier. At the time of the fall, the evidence revealed, the medical prognosis had been *"good."* However, family members testified there was a marked change in appellant's behavior subsequent to the fall.

Two issues are raised on appeal.

At the close of the evidence received in the trial, appellant's counsel waived closing argument.

Appellant now contends this was error.

As his second argument he claims as error the trial justice's finding that he had not sustained his burden[2] of establishing by a fair preponderance of the evidence that the homicide was the product of a mental disease or defect.

■ Our examination of the record compels us to conclude that the first issue appellant raises is without merit. The following colloquy is found in the record:

"THE COURT: . . . *Counsel for the State has indicated the State is prepared to waive argument in this matter and counsel for the defendant has indicated to me they had consulted with Mr. Tracy and that with his consent they also are prepared to waive argument. Is that correct, gentlemen?*

"MR. KELLIS [Defense Counsel]: *That is correct, your Honor. I have explained to Mr. Tracy the customary processes and I have asked for his consent to waive final argument. He has so indi-*

cated his consent to waive argument on his behalf.

"THE COURT: And the State waives argument, Mr. Perrino?

"MR. PERRINO: That's correct, your Honor."

Appellant's counsel represented to the court while the appellant was in the courtroom that his client had given his consent to have counsel waive argument and that the client understood his decision. Appellant's position seems to be that in any event only the appellant himself could have addressed the court and stated his waiver. In other words, the appellant's position is that his right to have his case argued at the close of the evidence is so important that a waiver would only be effective if the presiding justice addressed him personally and he personally, not through counsel, waived argument. *Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), is cited as authority for this position. In our view the reliance on *Herring* is misplaced. There the issue was the constitutionality of the New York Criminal Procedure Law § 320.20 which conferred upon every judge in a nonjury criminal trial power to deny counsel any opportunity to make a summation of the evidence before the rendition of judgment.

In that case, counsel specifically requested opportunity to make a summation and the trial judge refused.

■ In this case, if defense counsel's representations are true, it was appellant himself who consented to have counsel waive summation.[3] If counsel's representations to the court were in fact inaccurate, his allegations must be considered to be in the nature of an allegation of ineffective assistance of counsel. For reasons which we

---

**2.** Despite the holding in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), it is clear that our decision in *State v. Buzynski,* Me., 330 A.2d 422 (1974), is consistent with constitutional requirements. *Rivera v. Delaware,* 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1976) (appeal dismissed for want of substantial federal question); *Buzynski v. Oliver,* 538 F.2d 6 (1st Cir.), *cert. denied* —— U.S. ——, 97 S.Ct. 503, 50 L.Ed.2d 596 (1976);

*see Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975) (dismissal for want of substantial federal question is action on the merits). *See generally,* Comment, *"The Significance of Dismissals* 'For Want of Substantial Federal Question': *Original Sin in the Federal Courts,"* 68 Colum.L.Rev. 785.

**3.** *See State v. Mann,* Me., 361 A.2d 897, 905 (1976).

described in detail in earlier decisions of this court, such an allegation will not generally be reviewed on direct appeal. Such issue can be raised only in a post-conviction habeas corpus proceeding. *E. g., State v. Call,* Me., 322 A.2d 64 (1974); *State v. Simmonds,* Me., 313 A.2d 120 (1973); *State v. LeBlanc,* Me., 290 A.2d 193 (1972).

 Appellant's second issue is likewise without merit. Appellant challenges the trial justice's finding that the burden of establishing by a fair preponderance of the evidence that the homicide was the product of a mental disease or defect had not been sustained. This is tantamount to challenging the sufficiency of the evidence. *State v. Mann,* Me., 361 A.2d 897 (1976). The evidence indicates that the expert witnesses who testified were not in agreement as to the correct interpretation of the electroencephalogram. There was likewise vast disagreement as to the correct diagnosis of appellant's mental health. We are satisfied that the trial justice was justified in his conclusion that appellant had failed to establish by a fair preponderance of the evidence that the homicide was the product of a mental disease or defect.

The entry must be:

Appeal denied.