**STATE of Iowa, Appellee,**

v.

**Paul Frank AUMANN, Appellant.**

**No. 59509.**

Supreme Court of Iowa.

July 26, 1978.

Robert A. Engberg of Pryor, Riley, Jones & Aspelmeier, Burlington, for appellant.

Richard C. Turner, Atty. Gen., Thomas A. Evans, Jr., Asst. Atty. Gen., Steven S. Hoth, County Atty., for appellee.

HARRIS, Justice.

In our original opinion at 265 N.W.2d 316 (Iowa 1978) we noted defendant initially assigned error grounded on the due process clause of the 14th Amendment to the United States Constitution. However, in his brief and argument on appeal, defendant expressly withdrew this assignment on the basis of *Rivera v. Delaware,* 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1976).

In a petition for rehearing defendant's counsel asserts and furnishes a copy of a letter to show an attempt, undertaken after submission of the appeal, to reassert the withdrawn assignment. Defendant submits authorities he believes support his second thoughts on the wisdom of withdrawing the assignment.

The attempt to reassert the withdrawn assignment was not mentioned in our opinion because our filings do not reflect receipt of the original letter, a copy of which is appended to the petition for rehearing. Nevertheless we choose, without conceding we must, to now consider the assignment.

We do not believe § 783.2, The Code, offends the due process clause of the 14th Amendment to the United States Constitu-

tion. The rules controlling constitutional challenges were explained in our original opinion where we rejected defendant's parallel claim under the Iowa Constitution. Similarly, under this challenge, we do not find the statute plainly and without doubt repugnant to the requirements of due process. See generally *Moorman Mfg. Co. v. Bair,* 254 N.W.2d 737, 743 (Iowa 1977), affirmed —— U.S. ——, 98 S.Ct. 2340, 57 L.Ed.2d 197 (1978); *Rivera, supra.*

Defendant argues for a contrary interpretation mainly on the basis of *Illinois v. Garlick,* 46 Ill.App.3d 216, 4 Ill.Dec. 746, 360 N.E.2d 1121. The Illinois court found reversible error in requiring a murder defendant to carry the burden of proof on his claim he was unfit to stand trial. An Illinois statute on the subject was held unconstitutional to any extent it might conflict with that holding. The Illinois attorney general's petition for writ of certiorari to the United States Supreme Court was denied. Significantly the United States Supreme Court, in denying the writ, pointed out that " * * * the judgment below rests upon adequate *state* grounds * *." (Emphasis added.) 434 U.S. 988, 98 S.Ct. 620, 54 L.Ed.2d 484. Because the denial of the certiorari by the United States Supreme Court pointed to the state basis for the Illinois decision we do not find it persuasive.

We hold § 783.2, The Code, does not violate the due process clause of the 14th Amendment to the United States Constitution.

AFFIRMED. Petition for rehearing denied.

All Justices concur except MASON, RAWLINGS and McCORMICK, JJ., who dissent.

MASON, Justice (dissenting) (serving by special assignment).

As noted in my dissent to the court's original opinion, I do not believe the Supreme Court decision in *Rivera v. Delaware,* 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160, controls the situation here because it involved a defense of insanity rather than an issue of mental capacity to stand trial. Under the reasoning in my prior dissent, I would hold § 783.2 violates the Fourteenth Amendment to the United States Constitution.

RAWLINGS and McCORMICK, JJ., join this dissent.