REQUESTED BY: Dear Senator Venditte:
This is in reply to your inquiry as to the constitutionality of LB 803 and LB 895 concerning the defense of insanity and jury challenges.
LB 803 would amend section 29-2203, R.S.Supp., 1978, which is the statute providing the procedure for the plea of not guilty by reason of insanity. This amendment places the burden upon the defendant to prove the defense of insanity or mental derangement by a preponderance of the evidence.
In 1952, the United States Supreme Court, in the case of Leland v. Oregon, 343 U.S. 790, 96 L.Ed. 1302,72 S.Ct. 1002 (1952), upheld the constitutionality of an Oregon statute which required the defense of insanity to be proved by the defendant beyond a reasonable doubt.
The court noted that such a statute did not offend the due process clause of the Fourteenth Amendment to the United States Constitution even though, among the twenty states then placing the burden of proving his insanity on the defendant, Oregon was the only state requiring him to do so beyond a reasonable doubt.
In 1970, the United States Supreme Court declared in the case of In Re Winship, 397 U.S. 358, 25 L.Ed.2d 368,90 S.Ct. 1068 (1970), that the due process clause:
 ". . . protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."
In 1977, in its most recent examination of this question, the Supreme Court, in the case of Patterson v. NewYork, 432 U.S. 197, 53 L.Ed.2d 281, 97 S.Ct. 2319, reconsidered its holding in Leland v. Oregon, supra, in the light of the requirement of In Re Winship, mentioned above, and reaffirmed the holding in Leland v. Oregon. In the New York case it was considering a statute which provided a defense of `extreme emotional disturbance' which placed the burden upon the defendant of proving his affirmative defense by a preponderance of the evidence.
The court noted that it had also confirmed the constitutionality of the holding in Leland v. Oregon,supra after the In Re Winship decision, discussed above, when the court dismissed, as not raising a substantial federal question, a case in which the appellant specifically challenged the continuing validity of Leland v. Oregon,
after the Winship case. This occurred in Rivera v.Delaware, 429 U.S. 877 (1976).
In the Patterson case, the United States Supreme Court emphasized, as it had in Leland v. Oregon, that the burden remained upon the state to prove beyond a reasonable doubt every fact necessary to constitute the crime with which he was charged, but that this did not require the state to prove beyond a reasonable doubt every fact, the existence or nonexistence of which, it was willing to recognize as an affirmative defense or a mitigating circumstance.
LB 895 would also amend section 29-2203 by making insanity an affirmative defense with the defendant having the burden of establishing it by a preponderance of the evidence, but cases in which deliberate and premeditated malice are explicit elements of the crime are excepted. The only crime in which these two elements are explicitly required is first degree murder as defined in section 28-303, R.S.Supp., 1978 of the new criminal code.
The Supreme Court of Nebraska has consistently held that the burden of proving every fact necessary to constitute the crime, including the elements of deliberation, premeditation and malice, must be proved by the state beyond a reasonable doubt. Nebraska Jury Instructions 14.06, p. 298 and cases there cited. We do not foresee that the Supreme Court of Nebraska would change its requirement that the burden of proof is on the state to prove beyond a reasonable doubt every fact necessary to constitute the crime charged should the Legislature adopt either of the above proposals placing the burden of proof upon the defendant to prove the affirmative defense of insanity by a preponderance of the evidence.
It is therefore our opinion that there is no constitutional problem with the insanity provision of either of said bills. LB 895 also provides that:
 ". . . When deliberate and premeditated malice are elements of an alleged offense, the state continues to have the burden of proof when subsequent lesser-included offenses are considered."
We do not know if this is intended to mean that the state still has the burden of proof of sanity when lesser-included offenses are considered, whether it means that the state has the burden of proof generally, or whether it is implying that the state does not have the burden of proof when deliberate and premeditated malice are elements of an alleged offense. This should be clarified because any interpretation which would remove the burden from the state of proving every element of the crime beyond a reasonable doubt as to any offense, whether lesser-included or not, as opposed to shifting the burden of proof as to an affirmative defense, as discussed above, would clearly be unconstitutional.
LB 895 would also increase the number of peremptory challenges of jurors from ten to twelve in all cases punishable with death or life imprisonment; we see no problem with the constitutionality of this change.
If you have any further questions in regard to the above, please contact us.