PEOPLE v LARCINESE

Docket No. 46410. Submitted February 9, 1981, at Detroit.—Decided August 6, 1981.

Two informations arising out of two separate incidents which occurred toward the end of a thirteen-month period during which an FBI agent pressured Albert F. Larcinese to supply him with stolen automobiles were brought against Larcinese in Detroit Recorder's Court charging him with receiving and concealing stolen goods. Following an evidentiary hearing, one information was quashed on the grounds of entrapment but the second information was allowed to stand and the case proceeded to trial. Defendant was convicted at a bench trial and sentenced to five years probation, Robert L. Evans, J. Defendant appeals. *Held:*

The fact that an initial transaction has been tainted by police misconduct constituting entrapment does not necessarily mean that all similar transactions are tainted by entrapment. Rather, the facts and circumstances of each similar transaction must be examined to determine whether the taint of the police activity is still present. The trial court here clearly erred in finding that the second transaction could be sufficiently divorced from the initial transaction so that the entrapment that tainted the initial transaction did not also taint the second transaction. The entire course of conduct by the FBI agent constituted entrapment.

Defendant's conviction is vacated and the cause is remanded for entry of an order quashing the second information.

1. CRIMINAL LAW — ENTRAPMENT — OBJECTIVE TEST.

The objective test of entrapment focuses upon the propriety of the government conduct which resulted in the charges against a defendant instead of upon the defendant's predisposition to commit the crime charged.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 21 Am Jur 2d, Criminal Law §§ 202, 206.
[2] 29 Am Jur 2d, Evidence § 156.
  30 Am Jur 2d, Evidence § 1160.

2. CRIMINAL LAW — DEFENSES — ENTRAPMENT.

A criminal defendant who claims entrapment as a defense has the burden of proving the claim of entrapment by a preponderance of the evidence.

3. CRIMINAL LAW — DEFENSES — ENTRAPMENT.

The fact that an initial transaction has been tainted by police misconduct constituting entrapment does not necessarily make all similar transactions tainted by entrapment; rather, the facts and circumstances of each similar transaction must be examined to determine whether the taint of the police activity is still present.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Glotta, Adelman, Dinges, Davis & Riley, P.C. (Robert J. Katz,* of counsel), for defendant on appeal.

Before: M. J. KELLY, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. Defendant was charged in two informations with receiving and concealing stolen property, MCL 750.535; MSA 28.803. After an evidentiary hearing, the trial court entered an opinion and order quashing the information in case number 78-07370 and denying a motion to quash in case number 78-07369. Defendant was tried and found guilty in a bench trial (Case No. 78-07369) before Recorder's Court Judge Robert L. Evans on May 15, 1979. Defendant was sentenced on May 31, 1979, to a term of five years probation. Defendant appeals as of right.

The two informations against defendant arose out of two separate transactions between defen-

dant, a Mr. Kendricks and FBI agent John Insogna.

Defendant was first contacted by Insogna in mid-1977. Insogna indicated to defendant that he wanted stolen cars. Insogna contacted defendant approximately every two weeks thereafter until August, 1978. Defendant always told Insogna that he "didn't have anything".

On September 1, 1978, defendant delivered to Insogna a stolen car that Kendricks had given him. Defendant testified that he did not know the car was stolen. Defendant received $200 from Insogna. While in Insogna's office, Insogna opened a drawer and lifted out bundles of money. He told defendant that the money could all be his if he delivered more goods.

On September 8, 1978, Kendricks again delivered a stolen car to defendant claiming that the owner needed insurance money. Defendant stated that he did not believe the car was stolen. Defendant delivered the car to Insogna and received $50. The defendant indicated to Insogna at that time that he would be willing to deliver five cars daily to Insogna.

The trial court conducted an entrapment hearing on the two charges. The court determined that the repeated solicitation by an undercover officer constituted entrapment. The court quashed the information relating to the September 1 transaction.

The court concluded, however, that the second transaction was not the "product of police creativity". Defendant is now appealing his conviction from the September 8 transaction.

Defendant contends in effect that a new rule of law should be adopted by this Court. Specifically, defendant argues that once an initial transaction

has been "tainted" by police misconduct constituting entrapment all subsequent similar transactions are necessarily "tainted" by entrapment.

Michigan has adopted an objective test for determining whether entrapment existed. This test focuses upon the police conduct involved rather than the predisposition of the defendant. *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973).

As recently summarized in *People v Alford,* 405 Mich 570, 589-590; 275 NW2d 484 (1979):

"This Court in *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973), adopted the objective test for entrapment articulated by Justice Stewart's dissenting opinion in *United States v Russell,* 411 US 423; 93 S Ct 1637; 36 L Ed 2d 366 (1973). This test focuses on 'whether the actions of the police were so reprehensible under the circumstances, that the Court should refuse, as a matter of public policy, to permit a conviction to stand.' 390 Mich 7, 22."

In *People v D'Angelo,* 401 Mich 167, 183; 257 NW2d 655 (1977), the Court determined the standard of review to be applied when reviewing a finding of entrapment:

"To burden the defendant with proving his affirmative defense of entrapment by a preponderance of the evidence is certainly not offensive to the Due Process Clause. *Patterson v New York,* [432 US 197; 97 S Ct 2319; 53 L Ed 2d 281 (1977)]; *Rivera v Delaware,* 429 US 877; 97 S Ct 226; 50 L Ed 2d 160 (1976); *Leland v Oregon,* [343 US 790; 72 S Ct 1002; 96 L Ed 1302 (1952)].

"We hold therefore that the defendant shall have the burden of proving the claim of entrapment by a preponderance of the evidence.

"In deciding the entrapment question the trial court should make specific findings of fact. Should the trial court find the claim of entrapment to be proved, the related charge will be dismissed. If the court finds the

claimed entrapment not proved, the prosecution will proceed.

"The trial court's finding will be subject to appellate review under the clearly erroneous standard." (Footnote omitted.)

This Court believes that the above rules are clear and that defendant's proposed "rule" should not be adopted. Entrapment must be determined from the circumstances of each individual transaction.

Therefore, we reject defendant's new rule of law that, once an initial transaction has been "tainted" by police misconduct constituting entrapment, all similar transactions are necessarily "tainted" by entrapment. Rather, we apply the rule that the facts and circumstances of each similar transaction must be examined to determine whether the "taint" of the police activity is still present.

Applying the above rationale to the instant case, we are persuaded that the trial court clearly erred in finding that the second transaction, the one which occurred on September 8, 1978, could be sufficiently divorced from the initial transaction. Nothing occurred within the week to attenuate the police misconduct.

The relationship between defendant and the undercover agent did not consist merely of two isolated contacts in September of 1978. Rather, the agent, who first contacted the defendant in mid-1977, pressured the defendant every two weeks for a period of more than thirteen months before the September 1 transaction took place. Hence, we hold that the entire course of conduct by the agent constituted entrapment.

The police should not be permitted to set someone up and attempt to pressure him into a crime

for an extended period of time and then claim that their questionable actions in no way induced a subsequent crime. Nothing in the one-week interval between the first transaction and the second acted to lessen the reprehensibility of the police conduct that the lower court found amounted to entrapment with regard to the September 1 sale. Therefore, we hold that under the facts of this case the lower court erred in not finding that defendant was entrapped on September 8.

Defendant's conviction is vacated and the cause remanded for entry of an order quashing the information.