UNITED STATES of America, Appellee,

v.

Jeffrey Scott AMOS, Appellant.

No. 86–1006.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 8, 1986.

Decided Oct. 16, 1986.

Lawrence J. Fleming, St. Louis, Mo., for appellant.

Steven Holtshouser, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, WOLLMAN, and MAGILL, Circuit Judges.

ROSS, Circuit Judge.

The question presented in this case is whether the recently enacted Insanity De-

fense Reform Act, 18 U.S.C. §§ 20, 4241–4247 (Supp.1984) violates the due process clause of the fifth amendment by unconstitutionally shifting to the defendant, the burden of proving insanity by clear and convincing evidence. We conclude that it does not, and therefore affirm the judgment of the district court.[1]

## I.

Appellant, Jeffrey Scott Amos, was convicted of transporting a victim of kidnapping in interstate commerce in violation of 18 U.S.C. § 1201 and with the use of a firearm during and in relation to the kidnapping in violation of 18 U.S.C. § 924. Appellant asserted a defense of insanity and presented testimony of two expert witnesses who stated that appellant suffered from a paranoid disorder with "erotomania" and delusional thinking. In rebuttal, the government offered testimony of its own expert witness who contended appellant was only depressed, and maintained that Amos did appreciate the wrongfulness of his conduct.

The trial court instructed the jury in accordance with the newly enacted statutory provisions pertaining to the defense of insanity, 18 U.S.C. § 20, charging that the burden of proving mental irresponsibility by clear and convincing evidence was on the appellant. Appellant objected to these instructions contending that the new statute unconstitutionally shifted the burden of proving an essential fact necessary for conviction to the defendant, thereby depriving him of due process of law as guaranteed by the fifth amendment.

The jury, however, found that the appellant did not establish his legal insanity by clear and convincing evidence and Amos was convicted on both the kidnapping and weapons charge.

## II.

The Insanity Defense Reform Act of 1984 provides that "[t]he defendant has the burden of proving the defense of insanity by clear and convincing evidence." 18 U.S.C. at § 20(b). This rule substantially changed the previous common law rule governing the insanity defense in federal criminal trials which had been enunciated in *Davis v. United States*, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895). Under *Davis*, once a defendant raised the issue of insanity, the government had the burden of proving beyond a reasonable doubt that the defendant was sane at the time of the offense. *Id.* at 484, 16 S.Ct. at 856–57. The Supreme Court, however, later interpreted the *Davis* holding as merely establishing a uniform rule of procedure for federal criminal trials and one which did not carry with it a constitutional mandate. *See, e.g., Mullaney v. Wilbur*, 421 U.S. 684, 695–96, 95 S.Ct. 1881, 1887–88, 44 L.Ed.2d 508 (1975) (*Davis* "decid[ed] a question of federal criminal procedure * * *."); *Patterson v. New York*, 432 U.S. 197, 203, 97 S.Ct. 2319, 2323, 53 L.Ed.2d 281 (1977) ("*Davis* was not a constitutional ruling * * *."); *Leland v. Oregon*, 343 U.S. 790, 797, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) ("The *[Davis]* decision obviously establishes no constitutional doctrine, but only the rule to be followed in federal courts.").

Fifty years after *Davis*, the Supreme Court directly addressed whether the Constitution permitted shifting the burden of proving insanity to a defendant. In *Leland v. Oregon, supra*, the Court refused to apply the *Davis* rule, and found that an Oregon statute requiring the defendant to prove insanity beyond a reasonable doubt presented no constitutional infirmity. *Id.* at 799, 72 S.Ct. at 1007. The Court reasoned that "[a]lthough a plea of insanity was made, the prosecution was required to prove beyond a reasonable doubt every element of the crime * * *. [T]he issue of legal sanity *per se,* [was] an issue set apart from the crime charged." *Id.* at 794–96, 72 S.Ct. at 1005–06.

Appellant in the instant case challenges the continued validity of *Leland* in light of

**1.** The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

*Mullaney v. Wilbur, supra,* wherein the Court declared Maine's murder statute unconstitutional. Under the statute, in order to reduce the crime from murder to manslaughter, a defendant was required to rebut the statutory presumption that he committed the offense with "malice aforethought" by proving that he acted in the heat of passion on sudden provocation. *Id.* 421 U.S. at 686, 95 S.Ct. at 1883. The Court held that this presumption shifted to the defendant the burden of proving an essential element of the crime and was therefore a violtion of due process. *Id.* at 703–04, 95 S.Ct. at 1892. *See In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 323 (1970) (as a matter of due process, the prosecution must prove "beyond a reasonable doubt * * * every fact necessary to constitute the crime * * * charged.").

Although appellant argues that *Mullaney* effectively invalidates *Leland,* the Court has subsequently confirmed that it remains constitutional to burden the defendant with proving his insanity defense. In the concurring opinion in *Mullaney,* Chief Justice Burger and Justice Rehnquist expressed their understanding that the *Mullaney* decision was not inconsistent with the Court's previous holding in *Leland* with respect to the proof of insanity. *Mullaney v. Wilbur, supra,* 421 U.S. at 706, 95 S.Ct. at 1893. (Rehnquist, J., concurring). Most notably,[2] in *Patterson v. New York, supra,* the Court expressly stated that notwithstanding *Mullaney* it was unwilling to reconsider *Leland.* 432 U.S. at 207, 97 S.Ct. at 2325. In *Patterson,* the Court distinguished *Mullaney* as a case wherein the burden to disprove an essential element of the crime (i.e., malice aforethought) was unconstitutionally shifted to the defendant in violation of the constitutional mandate set forth in *In re Winship,*

*supra.* Distinguishing *Leland,* the Court noted that the issue of legal insanity was not an element of the crime charged, but rather constituted an affirmative defense which became an issue only after the state had successfully proven beyond a reasonable doubt " 'every fact necessary to constitute the crime * * * charged.' " *Id.* at 206, 97 S.Ct. at 2324–25 (quoting *In re Winship, supra,* 397 U.S. at 364, 90 S.Ct. at 1072).

■ *Mullaney,* therefore, is also distinguishable from the case at bar. Although the accused's sanity is an ingredient of the requisite mens rea, "the existence or nonexistence of legal insanity bears no necessary relationship to the existence or nonexistence of the required mental elements of the crime." *Mullaney v. Wilbur, supra,* 421 U.S. at 706, 95 S.Ct. at 1893. (Rehnquist, J., concurring). Shifting to the defendant the burden of proving the affirmative defense of insanity does not violate the safeguards of due process.

### III.

■ The Insanity Defense Reform Act further requires that a defendant meet a clear and convincing standard as the quantum of proof on the issue of insanity. 18 U.S.C. § 20(b). Appellant contends that this standard should be no more than by a preponderance of the evidence. We disagree.

The Supreme Court in *Leland, supra,* held that a criminal defendant may, consistent with due process, be required to prove his sanity beyond a reasonable doubt. It is axiomatic, therefore, that a lesser standard of proof, such as the clear and convincing standard, may be imposed. Accordingly, in *Jones v. United States,* 463 U.S. 354, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983), the Court cited *Leland* with approval to support the observation that "[a] defendant could be

2. *See also Rivera v. Delaware,* 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1976) wherein an appeal was made from a Delaware conviction which, in reliance on *Leland,* had been affirmed over the claim that the Delaware statute was unconstitutional because it burdened the defendant with proving his affirmative defense of insanity by a preponderance of the evidence. The claim at the Supreme Court was that *Leland* had been overruled by *Winship* and *Mullaney.* Dismissing the appeal as not presenting a substantial federal question gives *Rivera* precedential weight on this issue. *See Hicks v. Miranda,* 422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975).

required to prove his insanity by a higher standard than a preponderance of the evidence." *Id.* at 368 n. 17, 103 S.Ct. at 3051 n. 17.

Appellant makes the final argument that *Leland* is distinguishable in that it was based on the fourteenth amendment right to due process while the instant case is based on the fifth amendment. Appellant contends that while the fourteenth amendment may permit shifting the burden of proof of insanity to the defendant on a clear and convincing standard in state court, the fifth amendment imposes greater limitations on Congress. We find no authority to support this proposition and therefore find this argument to be without merit.

Accordingly, we affirm the judgment and order of the district court.