UNITED STATES of America, Appellee,

v.

Larry Charles BYRD, Appellant.

No. 87–1237.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1987.
Decided Nov. 25, 1987.

David R. Freeman, Federal Public Defender, St. Louis, Mo., for appellant.

Dean R. Hoag, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

BRIGHT, Senior Circuit Judge.

The Government charged defendant/appellant Larry Charles Byrd in a single-count indictment with robbery of a federally insured bank in violation of 18 U.S.C. § 2113(a). A jury found him guilty and the district court[1] sentenced him to ten years in prison pursuant to 18 U.S.C. § 4205(b)(2). On appeal, Byrd argues that the Insanity Defense Reform Act of 1984 is unconstitutional as applied to his case. He also asserts that the Government received an unfair advantage in closing argument by having a last word in rebuttal on the insanity defense, while the defendant carries the burden of proving his affirmative defense of insanity. We reject these contentions and affirm.

## I. BACKGROUND

On February 9, 1986, Byrd voluntarily admitted himself to the detoxification unit at the St. Francis Medical Center in Cape Girardeau, Missouri. During his admission, he received tranquilizers to prevent delirium tremens and seizures. On the morning of February 10, 1986, Mr. Byrd left the hospital, purchased and consumed some alcohol, then drove to Sikeston, Missouri.[2] While in Sikeston, Byrd robbed the First National Bank of Sikeston of $4,600. Witnesses at the scene stated that Byrd smelled of alcohol, but that he did not have any problem in speaking or walking. After Byrd left the bank, police officers apprehended him approximately two blocks away.

At trial, a psychiatrist testifying in Byrd's behalf concluded that Byrd suffered from a condition known as "pathological idiosyncratic intoxication", and that such a condition would have been exacerbated by the effect of both the tranquilizer and alcohol in the bloodstream. The psychiatrist concluded that the combination of the drug and alcohol induced in Byrd an amnesiac state at the time of the robbery.[3]

The jury rejected Byrd's insanity defense and found him guilty of bank robbery. The district court sentenced him to ten years in prison. This appeal followed.

## II. DISCUSSION

### A. Insanity Defense

 The Insanity Defense Reform Act provides that "[t]he defendant has the burden of proving the defense of insanity by clear and convincing evidence." 18 U.S.C. § 17(b) (the insanity defense initially codified at section 20 now carries the above section number, see Act of Nov. 10, 1986, Pub.L. No. 99–646 § 34(a), 100 Stat. 3599).

Byrd does not now argue that his intoxication constitutes a "severe mental disease or defect." See id. § 17(a). Rather, he asserts that the statute, by placing upon him the burden of proving insanity, deprives him of due process of law as guaranteed by the fifth amendment. The crime of robbery includes the element of willfulness. In Byrd's view, the Government should be forced to disprove his insanity because willfulness cannot be proven independently of sanity. Byrd argues that shifting the burden of proving insanity to him effectively gave him the burden of disproving an element of the crime. See Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (statute requiring defendant to prove heat of passion in order to rebut presumption of malice aforethought, there-

1. The Honorable H. Kenneth Wangelin, Senior United States District Judge for the Eastern and Western Districts of Missouri (now deceased).

2. Subsequent to Byrd's arrest, an empty half pint of gin, and an empty pint of Mogan David 20/20 were found in Byrd's van which he parked across the street from the bank.

3. At trial, the Government's expert witness, another psychiatrist, disputed this diagnosis by disagreeing with the conclusion that Byrd suffered from pathological idiosyncratic intoxication, as well as the conclusion that the tranquilizers were still in Byrd's system when he consumed the alcohol prior to the bank robbery. This dispute is immaterial to the appeal because Byrd does not assert that he presented sufficient evidence of his insanity, but rather, he challenges the general procedural aspects of establishing the insanity defense.

by reducing crime from murder to manslaughter, is unconstitutional because it forces the defendant to disprove an essential element of the crime of murder); *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (prosecution must prove all essential elements of a crime beyond a reasonable doubt).

Byrd's reliance on *Mullaney* is misplaced. In *Mullaney*, the statute placed on the defendant the burden of disproving an essential element of a crime. In the instant case, the crime of robbery does not list sanity among its elements. Willfulness constitutes the only element going to mens rea in the crime charged to Byrd. Consequently, the burden of proving insanity properly resides with the defendant, who may raise the issue for the first time as an affirmative defense.

This court recently determined this same issue in *United States v. Amos*, 803 F.2d 419 (8th Cir.1986). In *Amos*, this court rejected defendant's argument that requiring him to prove insanity unconstitutionally shifted to him the burden of disproving an essential element of the government's case. In part, the decision rested on the United States Supreme Court determination that placing the burden of proving insanity on the defendant is not inconsistent with the requirement that the government prove each element of the crime beyond a reasonable doubt. *See Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) (contrasting the statute in *Mullaney*, which unconstitutionally required the defendant to prove an element of the government's charge, and insanity which, as an affirmative defense, is not an element of the government's case).

Willfulness is not coterminous with the legal concept of insanity. Willfulness presumes some degree of sanity in common parlance. However, the affirmative defense of insanity has its own special meaning distinct from the use of the words "sanity" and "insanity" in everyday life. Indeed, as we stated in *Amos*, "[a]lthough the accused's sanity is an ingredient of the requisite mens rea, 'the existence or nonexistence of legal insanity bears no necessary relationship to the existence or nonexistence of the required mental elements of the crime.' " *Amos*, 803 F.2d at 421 (quoting *Mullaney*, 421 U.S. at 706, 95 S.Ct. at 1893, 44 L.Ed.2d at 523 (Rehnquist, J., concurring)).

This court's decision in *Amos* is dispositive of Byrd's claim and requires that we reject it.

**B. Final Argument**

█ In the alternative, Byrd asserts that if the shift of the burden of proof is constitutional, the district court erred in denying him the opportunity to have a rebuttal argument on the issue of insanity. Rule 29.1 of the Federal Rules of Criminal Procedure provides for the order of closing argument as follows:

> After the closing of evidence the prosecution shall open the argument. The defense shall be permitted to reply. The prosecution shall then be permitted to reply in rebuttal.

Fed.R.Crim.P. 29.1.

Byrd reasons that the rule entitles the Government to rebuttal because the prosecution normally has the burden of proof in a criminal case. Now, because Byrd had the burden of proving insanity, Byrd's right to a rebuttal shifts with the burden of proof requirement.

We first note that the district court clearly followed the rule set out above. Rule 29.1 does not establish a constitutional doctrine, but rather, provides a uniform rule of federal practice. The purpose of the rule is to give the defendant the chance to respond to the government's case and argument in an informed manner. Fed.R.Crim.P. 29.1, Notes of Advisory Committee on Rules. Rebuttal provides the government with the opportunity to respond to defendant's arguments. It does not allow the government to bring in new matters. Consequently, the order of argument works no injustice upon the defendant. The district court has broad discretion to ensure a fair procedure in final arguments. *United States v. McCaghren*, 666 F.2d 1227, 1232 (8th Cir. 1981).

Finally, we have reviewed the entire transcript, paying particular attention to closing arguments, but can find no improprieties. The Government's rebuttal only addressed matters raised by Byrd in his closing argument.

### III. CONCLUSION

We determine Byrd's contentions lack merit. Accordingly, we affirm.