[No. F045368. Fifth Dist. June 27, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY JERRY FERRIS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, David A. Rhodes and Clayton S. Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VARTABEDIAN, Acting P. J.**—Defendant Timothy Jerry Ferris was convicted of kidnapping, assault with a deadly weapon, attempted criminal threats, and infliction of corporal injury on a spouse. Defendant's trial

included a sanity portion; after the first jury deadlocked on the issue of his insanity, the second jury found he was sane at the time he committed the crimes. He appeals, claiming the United States Supreme Court case of *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] has altered the burden of proof on the question of insanity, now requiring the People to prove sanity beyond a reasonable doubt. In addition, he claims the trial court erred in imposing the aggravated term for his kidnapping conviction because the aggravating factors were not found to be true by the jury beyond a reasonable doubt. We find both arguments unavailing, publishing our discussion that the People continue to not have the burden to prove sanity.

## FACTS

Defendant and his wife Julie were separated. She had filed for divorce and had obtained a restraining order against defendant. On January 15, 2002, as Julie was driving to work, she stopped at a stop sign. Defendant opened the passenger door and got inside the truck. Defendant was wearing a disguise. Julie struggled with defendant; he produced a knife and held it to her throat. Defendant instructed Julie to drive and threatened to kill her. After approximately one mile, defendant removed the knife from Julie's throat. She slammed on the brakes. Three Good Samaritans, who had observed the attack and followed Julie's vehicle, came to her aid. They struggled with defendant, allowing Julie to escape. Defendant was able to drive off in the truck.

At trial on the issue of sanity, the defense presented evidence aimed at establishing that defendant suffered from chronic paranoid schizophrenia and, as a result of his delusions, he failed to understand the difference between right and wrong.

## DISCUSSION

### I.  Burden of Proof on the Question of Sanity

"Under California law, if a defendant pleads not guilty and joins it with a plea of not guilty by reason of insanity, the issues of guilt and sanity are tried separately. Penal Code section 1026, subdivision (a), provides that in such circumstances, 'the defendant shall first be tried as if only such other plea or pleas had been entered, and in that trial the defendant shall be conclusively presumed to have been sane at the time the offense is alleged to have been committed. If the jury shall find the defendant guilty, or if the

defendant pleads only not guilty by reason of insanity, then the question whether the defendant was sane or insane at the time the offense was committed shall be promptly tried, either before the same jury or before a new jury in the discretion of the court. In that trial, the jury shall return a verdict either that the defendant was sane at the time the offense was committed or was insane at the time the offense was committed.'

■ "Although guilt and sanity are separate issues, the evidence as to each may be overlapping. Thus, at the guilt phase, a defendant may present evidence to show that he or she lacked the mental state required to commit the charged crime. [Citations.] A finding of such mental state does not foreclose a finding of insanity. Insanity, under California law, means that at the time the offense was committed, the defendant was incapable of knowing or understanding the nature of his act or of distinguishing right from wrong. [Citations.]

"The plea of insanity is thus necessarily one of 'confession and avoidance.' [Citation.] 'Commission of the overt act is conceded' but punishment is avoided '*upon the sole ground* that at the time the overt act was committed the defendant was [insane].' [Citation.]

■ "The 'sanity trial is but a part of the same criminal proceeding as the guilt phase' [citation] but differs procedurally from the guilt phase of trial 'in that the issue is confined to sanity and the burden is upon the defendant to prove by a preponderance of the evidence that he was insane at the time of the offense' [citation]. As in the determination of guilt, the verdict of the jury must be unanimous. [Citation.]" (*People v. Hernandez* (2000) 22 Cal.4th 512, 520–521 [93 Cal.Rptr.2d 509, 994 P.2d 354].)

The jury was instructed that "defendant has the burden of proving legal insanity at the time of the commission of [the] crimes by a preponderance of the evidence." (See CALJIC No. 4.00.) The jury found that defendant was sane at the time he committed the crimes for which he had been convicted.[1]

■ Defendant admits that the United States Supreme Court has held in a long line of cases that states are free to allocate the burden of proof in areas of criminal law, as long as the allocation does not lessen the state's burden to prove every element of the offense charged. He contends, however, that

---

[1] Defendant's first sanity trial ended in a mistrial because the jurors were unable to reach a unanimous decision on the question of his sanity.

recent decisions by the United States Supreme Court have made it clear that every element of the charged offenses, as well as any fact that is used to increase the penalty for a crime, must be found by the jury beyond a reasonable doubt in order to satisfy the due process clause of the Fourteenth Amendment and the jury trial guarantee of the Sixth Amendment. Defendant claims that the United States Supreme Court cases of *Apprendi v. New Jersey, supra,* 530 U.S. 466 and *Ring v. Arizona* (2002) 536 U.S. 584 [153 L.Ed.2d 556, 122 S.Ct. 2428] have impliedly overruled the prior decisions of the United States Supreme Court that allowed a shifting of the burden of proof under circumstances not affecting the People's burden to prove every element of a crime.

In *Apprendi,* "The defendant-petitioner . . . was convicted of, *inter alia,* second-degree possession of a firearm, an offense carrying a maximum penalty of ten years under New Jersey law. [Citation.] On the prosecutor's motion, the sentencing judge found by a preponderance of the evidence that Apprendi's crime had been motivated by racial animus. That finding triggered application of New Jersey's 'hate crime enhancement,' which doubled Apprendi's maximum authorized sentence. The judge sentenced Apprendi to 12 years in prison, 2 years over the maximum that would have applied but for the enhancement.

"[The United States Supreme Court] held that Apprendi's sentence violated his right to 'a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.' [Citations.] That right attached not only to Apprendi's weapons offense but also to the 'hate crime' aggravating circumstance. New Jersey, the Court observed, 'threatened Apprendi with certain pains if he unlawfully possessed a weapon and with additional pains if he selected his victims with a purpose to intimidate them because of their race.' [Citation.] 'Merely using the label "sentence enhancement" to describe the [second act] surely does not provide a principled basis for treating [the two acts] differently.' [Citation.]

"The dispositive question . . . 'is one not of form, but of effect.' [Citation.] If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt. [Citation.] A defendant may not be 'expose[d] . . . to a penalty *exceeding* the maximum he would receive if punished according to the facts reflected in the jury verdict alone.' [Citations.] ('[A]ll the facts which must exist in order to subject the defendant to a legally prescribed punishment *must* be found by the jury.')" (*Ring v. Arizona, supra,* 536 U.S. at pp. 601–602.)

In *Ring v. Arizona, supra,* 536 U.S. 584 the defendant was found guilty by the jury of first degree murder. The trial judge, sitting alone, then determined the presence or absence of aggravating factors required by Arizona law for the imposition of the death penalty. "Under Arizona law, Ring could not be sentenced to death, the statutory maximum penalty for first-degree murder, unless further findings were made." The court alone was the determiner of the required further findings. (*Id.* at p. 592.) The defendant appealed, arguing "that Arizona's capital sentencing scheme violates the Sixth and Fourteenth Amendments to the U.S. Constitution because it entrusts to a judge the finding of a fact raising the defendant's maximum penalty." (*Id.* at p. 595.)

The United States Supreme Court agreed with the defendant. "Because Arizona's enumerated aggravating factors operate as 'the functional equivalent of an element of a greater offense,' [citation], the Sixth Amendment requires that they be found by a jury." (*Ring v. Arizona, supra,* 536 U.S. at p. 609.) In reaching this decision, the court was required to find that its previous opinion in *Walton v. Arizona* (1990) 497 U.S. 639 [111 L.Ed.2d 511, 110 S.Ct. 3047], holding the opposite, was erroneous.

The overruling of *Walton* by the United States Supreme Court in *Ring* plays heavily into defendant's argument that *Ring* and *Apprendi* have impliedly overruled prior decisions of the United States Supreme Court allowing the states to allocate burdens of proof on factors not necessary to the People's burden of proving all elements of a crime.

In *Walton,* the court set forth in its discussion a paragraph listing cases that allowed the state to allocate the burden of proof as long as that allocation did not lessen the state's burden to prove every element of the offense charged. This paragraph stated: "In *Martin v. Ohio,* 480 U.S. 228 [94 L.Ed. 2d 267, 107 S.Ct. 1098] (1987), we upheld the Ohio practice of imposing on a capital defendant the burden of proving by a preponderance of the evidence that she was acting in self-defense when she allegedly committed the murder. In *Leland v. Oregon,* 343 U.S. 790 [96 L.Ed. 1302, 72 S.Ct. 1002] (1952), the Court upheld, in a capital case, a requirement that the defense of insanity be proved beyond a reasonable doubt by the defendant, see also *Rivera v. Delaware,* 429 U.S. 877 [50 L.Ed.2d 160, 97 S.Ct. 226] (1976), and in *Patterson v. New York,* 432 U.S. 197 [53 L.Ed.2d 281, 97 S.Ct. 2319] (1977), we rejected the argument that a State violated due process by imposing a preponderance of the evidence standard on a defendant to prove the affirmative defense of extreme emotional disturbance." (*Walton v. Arizona, supra,* 497 U.S. at p. 650.)

Although the case of *Leland v. Oregon* (1952) 343 U.S. 790 [96 L.Ed. 1302, 72 S.Ct. 1002] was utilized as authority in *Walton*, and *Walton* was overruled in *Ring*, it does not follow that *Leland* is no longer good law. The question in *Leland* was whether Oregon's law, placing the burden of proving insanity on the defendant, was constitutional. The United States Supreme Court found that in Oregon the prosecutor was still required to prove beyond a reasonable doubt every element of the offense charged. (*Id.* at p. 799.)

■ Defendant here attempts to characterize sanity as an element of the offense charged, when in fact the question is one of insanity as a defense. Insanity has not been characterized by the United States Supreme Court or California courts as an element of the offense; it is found to be in the nature of a defense that relieves defendant of culpability for his or her convictions. "An insanity plea . . . is a plea to the effect that the defendant, even if guilty, should not be punished for an offense because he was incapable of knowing or understanding the nature and quality of his or her act or of distinguishing right from wrong at the time of the offense." (*People v. Hernandez, supra,* 22 Cal.4th at p. 523.)

■ *Apprendi* instructs that a state cannot disguise "elements" by calling them enhancements or sentencing factors, when in fact they are used to impose a higher sentence than was authorized by the jury's verdict alone. The sanity portion of a trial does not involve questions of guilt versus innocence, but involves questions of criminal responsibility versus legal insanity. A finding of sanity does not increase the maximum penalty one can receive if punished according to the facts as reflected in the jury verdict alone. Neither *Apprendi* nor *Ring* in any way impliedly overrules the decisions holding that insanity is not an element of a criminal offense.

The trial court did not err when it instructed the jury that defendant had the burden of proving legal insanity by a preponderance of the evidence.

## II. Aggravated Term*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 773.

## DISPOSITION

The judgment is affirmed.

Buckley, J., and Gomes, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 28, 2005.